[No. 23272. Department One. January 20, 1932.]

BENJAMIN F. YOUNG *et al., Respondents,* v. O. P. SMITH *et al., Defendants,* P. L. DIBBLE *et al., Appellants.*[1]

[1]Reported in 7 P. (2d) 1.

412

*Reynolds, Ballinger, Hutson & Boldt,* for appellants.
*Whittemore & Truscott,* for respondents.

BEELER, J.—Plaintiffs, pedestrians, were struck and knocked down by an automobile truck owned and operated by the defendants Smith and wife, and brought this action to recover damages for personal injuries. The cause was tried to the court and jury, and resulted in a verdict for the plaintiffs and against all the defendants. The defendants P. L. Dibble and the City Transfer and Storage Company interposed a motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial, both of which were overruled, and from the judgment entered upon the verdict, Dibble and the City Transfer and Storage Company alone have appealed. Hence we shall refer to Smith and wife as defendants, and to Dibble and the City Transfer and Storage Company as appellants.

The accident out of which the litigation arose happened at the intersection of Third avenue and Virginia street, in the city of Seattle, at about 2:30 p. m., March 3, 1930. The undisputed facts are: Third avenue is fifty-four feet wide and extends north and south; Virginia street is forty-four feet wide, extends east and west, and crosses Third avenue at right angles. Double street railway tracks are situated in the center of both of these streets. Fourth avenue parallels Third avenue, and is one block to the east thereof. Virginia street, extending westward from Fourth avenue to Third avenue, has an up grade of 6.5 per cent. All of the above named streets are paved.

At about 2:30 on the afternoon of March 3, 1930, plaintiffs were walking in an easterly direction across Third avenue on the north side of the intersection, and as they arrived at a point within a few feet of the west rail of the westerly track on Third avenue, they

stopped to permit a Ford automobile truck, owned by the defendants and operated by their son Sterling in a northerly direction on the east side of Third avenue, to pass. At the same time, a Garford truck owned by the appellant City Transfer and Storage Company was being driven by its agent or employee, the appellant Dibble, in a westerly direction from Fourth avenue to Third avenue on Virginia street.

These trucks came in collision with each other within said street intersection, the appellant's truck striking the defendants' Ford truck on its right rear wheel, and as a result the Ford truck was thrown in a semi-circle to the west and north over the double street railway tracks on Third avenue, striking the plaintiffs, who were standing near the west rail of the westerly track on Third avenue. The truck then whirled about and was headed to the south at the time it came to a standstill.

In addition to the foregoing facts, the jury was warranted in finding that, at about the time the defendants' truck entered the intersection, appellant's truck was fifty feet or more east of the intersection; that appellant's truck was traveling at a rate of speed of from twenty to twenty-five miles per hour at the time and after it entered the intersection, and at no time swerved or slackened its speed prior to the impact; that the defendants' car, at the time it entered the intersection, was traveling at a rate of speed of approximately ten or twelve miles per hour and then speeded up so that, at the time of the collision, it was going at from eighteen to twenty-five miles per hour; that appellant's truck ran into the right rear wheel of the defendants' truck as the latter's truck was leaving the northerly line of the intersection.

At the time of the trial below, the defendants as well as the appellants conceded that the plaintiffs were in

no wise to blame for the accident. The defendants contended that the accident or collision was due solely to the negligence of the appellants, while the appellants maintained that they were without fault, and that the collision occurred solely through the negligence of the defendants. The appellants make the same contention in this court. They argue that the proximate cause of the accident or collision was the negligence of the defendants' truck driver in failing to accord to the driver of the Garford truck the right of way across the street intersection.

So the first question to be determined is whether the evidence is sufficient to support the verdict of the jury as against the appellants. Or, putting it conversely: Did the appellants' negligence, if any, concur in causing the plaintiffs' damages?

Throughout the trial in the lower court, the appellants steadfastly and earnestly contended that it was a physical impossibility for the Garford truck, starting at Fourth avenue and Virginia street, to attain a rate of speed of fifteen miles per hour by the time it arrived at the intersection of Third Avenue and Virginia street. Dibble testified that, on the day of the accident, he was driving west on Virginia street, and as he arrived at the intersection of Fourth avenue and Virginia street he brought his truck to a stop in obedience to a signal light or semaphore; that, as the signal light changed, he proceeded westward on Virginia street, and that the speed of his truck at the time of the collision was not to exceed twelve miles per hour.

The appellants called as witnesses several truck drivers who testified they were familiar with this particular Garford truck, and that, after the accident, they drove the truck from Fourth avenue up Virginia street and across the intersection at Third avenue, to test its

speed; and the highest speed the truck could attain by the time it reached and crossed the intersection at Third avenue was from twelve to fourteen miles per hour. The appellants also called several automobile mechanics, who testified that the truck was in the same condition at the time these tests were made as on the day of the accident. From this the appellants argue that the trial court should have held the *fact to be established* that their truck was incapable of traveling in excess of fifteen miles per hour while crossing this intersection, and that the trial court erred in refusing to so hold, and erred in denying their motion for judgment n. o. v.

There are two answers to this contention: First, several of the plaintiffs' witnesses fixed the speed at which the Garford truck *was* traveling at from twenty to twenty-five miles per hour; second, even if we should concede it to be an established fact that the Garford truck was incapable of being operated in excess of fifteen miles per hour under all of the circumstances, nevertheless the verdict is abundantly supported by other competent evidence. The jury was warranted in finding that Dibble failed to operate his truck in a careful and prudent manner as he approached and entered the intersection.

But appellants contend that it was not the duty of Dibble to look to his left on approaching the intersection at Third avenue and Virginia street, so as to determine whether any traffic was approaching from the south on Third avenue. From our review of the testimony, we are satisfied that that question is not presented in this case. Dibble admits that, driving west on Virginia street approaching Third avenue, one can, by *looking straight ahead,* "see some both ways." Notwithstanding this admission, Dibble says

he did not see the Ford truck until he was within six or eight feet of it.

The distance across Virginia street at the intersection is forty-four feet. The defendants' truck was just leaving the intersection when it was struck by appellants' truck, so that the defendants' truck had traveled a distance of at least forty-four feet in plain view of the driver of appellants' truck. The evidence is clear that Dibble could have seen the defendants' Ford truck if he had merely *"looked straight ahead."* Dibble testified he was traveling at twelve miles per hour, that his brakes were in good condition, and that he could stop his truck within nine feet. All the more reason why the accident should have been avoided. Dibble had ample time to have avoided the accident by merely slackening the speed of his truck or by swerving slightly to the left.

It was the duty of both of these truck drivers, as they approached the street intersection, to exercise ordinary care to avoid a collision. The evidence is replete that neither driver discharged his duty in that regard.

"All rights of way are relative, and the duty to avoid accidents or collisions at street intersections rests upon both drivers." *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

The case of *Church v. Shaffer,* 162 Wash. 126, 297 Pac. 1097, cited by appellants, is not in point. There the respondent was crossing a street intersection in obedience to a traffic signal, while the appellant's car, in that case, entered the intersection against the traffic signal and ran into and collided with the respondent's car. The statement contained in the opinion that

"It was not incumbent upon him [respondent] to do other than proceed across the street, presuming that

traffic from that side would not attempt to interfere with his progress,"

was improvidently used, and was unnecessary to the decision in that case.

 It is elementary that, where one sustains an injury by reason of the combined negligence of two or more persons, the injured person may maintain an action against the wrongdoers either jointly or severally. The rule is well stated by Cooley on Torts:

"If the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause, and the parties held responsible, either jointly or severally, for the injury. It is well settled by the adjudged cases that when an injury is the result of combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor the defendant is responsible, the defendant is liable, when the injury would not have happened except for his negligence. Thus, if two persons wrongfully block up a street, so that one is injured in attempting to pass them, neither of the culpable parties can excuse himself by showing the wrong of the other, for the injury is a natural and proximate result of his own act under the then existing circumstances, and to excuse either would be to deny all remedy in the case of plain and palpable injury." Cooley, Torts (3d ed.), pp. 119-123.

This court, in *Hellan v. Supply Laundry Company,* 94 Wash. 683, 163 Pac. 9, said:

"There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of another."

See, also, *Baker v. Royal Blue Cab & Blue Line Sightseeing Co.,* 163 Wash. 95, 300 Pac. 167.

The trial court in its instruction on proximate cause clearly and accurately defined the rights and duties of both truck drivers. While the primary duty of avoiding this accident or collision rested upon the driver of the Ford truck, yet the appellant's driver was also under a duty to use reasonable care to avoid the collision. The proof abundantly supports the verdict as against the appellants. That being so, the trial court properly denied the motion for judgment n. o. v., and for a new trial.

■ Errors are assigned on the admission and rejection of testimony. Sterling Smith, driver of the defendants' truck, was called as an adverse witness by the plaintiffs, and testified:

"Q. How fast was it coming? Did you keep watch of that truck? A. When I first saw it I judged I could make it across there; that it was going at the right rate of speed."

And on cross-examination by the defendants' counsel, he testified:

"A. I figured I had plenty of time to get across that intersection at the right speed. If he was going at the right speed I would have had plenty of time to get across the intersection. Q. You figured if he had been going at a lawful rate of speed you would have had plenty of time to cross the intersection? A. Yes."

Later during the trial of the cause, the same witness was again called by the defendants, and at the close of his testimony in chief was cross-examined by the attorneys for the appellants, during which, among other things, he said: "I had plenty of time to get across."

The above testimony was all admitted without objection. But on cross-examination by plaintiffs' counsel the witness, over appellants' objection, testified as follows:

"Q. In your experience as a driver did you have time to cross if that truck had been coming at a reasonable speed? A. Why yes, I would have had time and then some."

In our opinion, it was not prejudicial error to admit this testimony for two reasons: First, because Smith had previously testified twice substantially to the same effect when called as an adverse witness, first on direct examination and then on cross-examination; and second, the witness, when called to the stand by the defendants, during the cross-examination by appellants' counsel, gave testimony of a character substantially similar to that which the appellants now object to.

■ C. M. Shelton was called as a witness on behalf of the plaintiffs, and on cross-examination by appellants' counsel, was asked:

"I will ask you if you would, at our expense and if necessary pay for your time, drive this City Transfer truck from Fourth and Virginia up on Virginia across the intersection, if you would do it for us at the highest possible rate of speed you can make it go? I will ask you if you would be willing to do that?"

An objection was sustained to this question on the ground that it was improper and immaterial. Whether the trial court should have ordered the witness to operate the Garford truck and test the rate of speed it was capable of traveling from Fourth avenue to Third avenue on Virginia street, was a matter within the sound discretion of the trial court. From our review of the testimony, we are satisfied no abuse of discretion is shown.

The appellants next contend that the court erred in giving certain instructions and in refusing to give certain others. Most of the alleged errors raised by these assignments are sufficiently disposed of by what we have heretofore said. We find it unnecessary to

analyze and discuss each instruction complained of separately. The instructions that were given were comprehensive, and in our opinion defined the law applicable to the case with fairness to all parties; while those that were refused consisted in part of what in effect was given, otherwise they were incorrect statements of the law applicable to this case.

The judgment appealed from is affirmed.

TOLMAN, C. J., PARKER, MITCHELL, and HERMAN, JJ., concur.