[No. 23445. Department Two. April 18, 1932.]

C. A. Stokoe, *Respondent*, v. M. P. Paulson *et al.,*
*Appellants.*[1]

*C. J. Henderson* and *Alfred McBee,* for appellants.
*R. V. Welts,* for respondent.

Main, J.—The plaintiff brought this action to re-
cover damages to an automobile. The defendants de-

[1]Reported in 10 P. (2d) 247.

nied liability, and affirmatively sought recovery against the plaintiff for damages to their truck. The cause was tried to the court without a jury, and resulted in findings of fact, from which the court concluded that the defendants should take nothing upon their cross-complaint, and that the plaintiff was entitled to recover the sum of $350. Judgment was entered for this amount, and the defendants appeal.

The facts are these: The accident out of which the litigation arose happened January 22, 1930, at about six o'clock p. m., at the intersection of California and Wetmore avenues, in the city of Everett. Each of these streets is fifty-four feet wide, and paved; the intersection being fifty-four feet square. Neither street is an arterial highway.

The respondent was proceeding north in an automobile owned and driven by himself, at a speed of about twelve miles per hour as he approached the intersection. The appellants were proceeding east on California avenue, and, as they crossed the intersection, were moving at a speed of approximately ten miles per hour. M. P. Paulson, the driver of the truck, testified that, as he entered the intersection, he looked to the right and could see substantially a block away, that no car was approaching, and that thereupon he proceeded to cross the intersection.

The respondent testified that, as he approached the intersection, he looked to the left and saw a car in the middle of the block on the north side of California avenue, with its headlights burning, but obviously this was not the truck of the appellants. He gave no further regard to any traffic from that direction, and says that he was looking ahead at pedestrians who were crossing Wetmore avenue from east to west on the north side of the intersection.

The respondent testified that, at a speed of ten miles per hour, he could have stopped his automobile within a distance of five or six feet. The respondent was on the right of the appellants, and was in the favored position. The driver of the truck, in not yielding him the right of way, was without question guilty of negligence. It is no answer for him to say that he looked to the right and did not see the automobile of the respondent, which was then within the range of his vision and was proceeding toward the intersection.

The principal question is whether the respondent was guilty of negligence which contributed to the accident in a material degree. As the truck proceeded across the intersection, it was within a few feet of the south line thereof, and, when it was nearing the east side of the intersection, it was struck, opposite the cab or door, by the front end of the automobile, resulting in damages to the automobile for which recovery was sought. Before the collision, the truck had traveled across the intersection a distance of forty-five feet or more at a speed of ten miles per hour. When it entered the intersection, if the respondent's automobile was approaching at a speed of twelve miles an hour, it must have been forty-five feet or more away. After the truck had crossed the center of the intersection, and it became apparent that the driver was not going to yield the right of way, it became the duty of the respondent, notwithstanding the fact that he was in the favored position and had the right of way, to avoid a collision if he could reasonably do so.

The right of way of the respondent was relative, and the duty rested upon him to exercise reasonable care to avoid the accident after he became aware, or in the exercise of reasonable care should have known, that the truck was not going to yield the right of way, but

was proceeding across the intersection. *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

It seems plain to us that it must be held that the respondent, in the exercise of ordinary care, should have known, in time to have stopped his automobile, that the truck was not going to yield the right of way, and for this reason he is not entitled to recover. The fact that the respondent was approaching the intersection within the speed limit and was in the favored position, does not entitle him to recover under the particular facts of this case. We do not disagree with the trial court upon any of the material facts, but the inference which we draw from those facts is different from the inference which that court drew. It must be remembered that this case was tried to the court and not to a jury, and, in drawing the inference from the facts, we are not doing so as a matter of law. Had the case been tried to the jury, a different question would be presented.

The judgment will be reversed and the cause remanded, with directions to the superior court to enter a judgment dismissing the respondent's action and also the cross-complaint of appellants.

TOLMAN, C. J., HOLCOMB, BEALS, and MILLARD, JJ., concur.