[No. 24159. Department Two. March 20, 1933.]

FLORENCE BUTZKE, *Appellant,* v. J. HENDRICKSON *et al.,*
*Respondents.*[1]

*Lincoln Tyler* (*Robert D. Hamlin,* of counsel), for
appellant.

*Kahin & Carmody* and *Paul Coughlin,* for respondents.

MAIN, J.—This action was brought to recover damages for personal injuries and damages to an automobile. The trial was to the court without a jury, and resulted in findings of fact from which it was concluded that the defendant was guilty of negligence which was the proximate cause of the damages sustained, and that the plaintiff was also guilty of negligence which, in a material degree, contributed to the accident out of which the litigation arose. Judgment was entered dismissing the action, from which the plaintiff appeals.

The facts, as found by the trial court, may be summarized as follows: The accident happened May 6, 1931, at about the hour of 8:15 a. m., at the inter-

[1]Reported in 20 P. (2d) 7.

section of the Pacific highway, in King county, and 105th street north, which is a street outside of the boundaries of the city of Seattle. At the southwest corner of the intersection, and a few feet to the west of the west line of the Pacific highway (which is an arterial highway), is a stop sign.

The appellant was proceeding south on the Pacific highway, driving an automobile, and the respondent John Hendrickson was proceeding east on 105th street north. Each of the drivers saw the other some distance before reaching the intersection. As Hendrickson approached the intersection, he disregarded the stop sign, and, without stopping, proceeded into the intersection at a speed of approximately ten miles an hour. After entering the intersection, the motor of his car, as he testified, "began sputtering and failed," and the car came almost to a complete stop.

The appellant proceeded into the intersection from the north, and the front of the automobile that she was driving struck the left side of the Hendrickson automobile in about the center. The collision occurred when the front of the Hendrickson automobile was near the center line of the Pacific highway as it crossed the intersection. There was room for the appellant to have passed to the right and thus have avoided the collision. As the appellant approached the intersection, she was traveling at a speed of about thirty-three miles per hour, and did not slacken her speed or change her course until within a few feet of the Hendrickson car.

The trial court made this finding:

"That although plaintiff [appellant] saw that defendant [respondent] did not stop before entering said arterial highway and although plaintiff continuously thereafter saw defendant crossing said intersection, plaintiff nevertheless did not change the direction of her automobile nor the speed thereof, although she

could have stopped before coming into collision with said defendants' automobile, and although plaintiff could have driven to the rear or west of defendants' automobile; that plaintiff made no effort whatever to stop or slacken the speed of her automobile until within seven feet of defendants' car and that plaintiff's automobile stuck defendants' automobile squarely in the middle of the left side thereof.''

The evidence offered by the respective parties is in conflict in a number of material respects. However, after reading and considering the evidence, we are of the view that the findings of the trial court are sustained by the weight thereof. If the facts were as found by the court, then, after the appellant became aware that the respondent was not going to yield her the right of way, or in the exercise of reasonable care she should have become so aware, it was her duty, notwithstanding the fact that she was in the favored position and had the right of way, to avoid the accident, if she could reasonably do so. The conclusion is irresistible that the appellant could, in the exercise of reasonable care, have avoided the collision.

In all essential particulars, this case is the same as *Stokoe v. Paulson*, 168 Wash. 1, 10 P. (2d) 247, where it was held that the plaintiff could not recover, even though he was in the favored position and had the right of way, because, after he either knew, or in the exercise of reasonable care should have known, that the right of way was not going to be yielded to him, in the exercise of reasonable care he could have stopped and avoided the accident. That the respondent, in the case now before us, was guilty of negligence in one or more of the particulars charged in the complaint, which was the proximate cause of the accident, may be admitted. But the contributory negligence of the appellant bars her recovery. The case having been tried to the court without a jury, we hold, as a

matter of fact, with the trial court that the appellant was chargeable with negligence which materially contributed to the accident.

The judgment will be affirmed.

BEALS, C. J., TOLMAN, STEINERT, and BLAKE, JJ., concur.