[No. 25210.  Department One.  November 27, 1934.]

U. Ota, *Respondent*, v. The Anti-Saloon League of Washington *et al., Appellants.*[1]

*Fred A. Lind* and *K. G. Smiles,* for appellants.

*Thomas Masuda* and *Stephen J. Morrissey,* for respondent.

Tolman, J.—This is an action to recover damages arising from an automobile collision. A trial to the court, sitting without a jury, resulted in a judgment in favor of the plaintiff in the sum of two hundred dollars and a dismissal of the cross-complaint of defendants with prejudice. The defendants have appealed.

The questions raised here are primarily questions of fact. We have therefore studied the evidence with care, and are convinced that it preponderates in favor of the findings of negligence upon the part of the appellants. This leaves for consideration only the question of contributory negligence upon the part of

[1]Reported in 37 P. (2d) 894.

the respondent. The trial court found that the respondent was driving his car in a careful, prudent and lawful manner, but we are unable to find any substantial evidence to that effect.

From the respondent's own testimony, it appears that, as he approached a street protected by a "stop" sign and one which was for all practical purposes an arterial highway, he stopped his car about four feet short of the stop sign, and looked to his right for approaching traffic. He then saw appellant's car traveling at a speed of thirty miles per hour or more on the arterial highway and distant from the intersection perhaps not more than two hundred feet, and certainly not more than two hundred forty feet. With the knowledge of the presence of that rapidly approaching car which had a superior right of way, he, without again looking to his right, started his car from its standing position and proceeded in low gear at not more than eight miles per hour into the intersection and four feet past the center line, so as to place his car almost directly in the path of the car which he knew was approaching. He then looked again to the right only to see appellants' car distant, as he says, seventy-two feet and traveling now at sixty miles per hour. He did not then stop, which could have been done almost instantly, but still thinking he had time to pass he continued on his course, and the collision followed.

As we have said, we agree with the trial court as to the negligence of the driver of appellant's car, but we cannot see in these facts any evidence of the exercise by the respondent of that care and prudence which the law requires. From the place where his car was stopped to the point where respondent looked to his right the second time, he traveled, at the low speed

of eight miles per hour, a distance of fifty feet without taking the slightest precaution. He thus placed himself in that part of the roadway which belonged to opposing traffic, and thereby invited disaster. Without placing any stress upon respondent's actions after his second look, we think it affirmatively appears from his own testimony that he was guilty of contributory negligence in proceeding into that part of the highway belonging to opposing traffic having the superior right of way without keeping a proper lookout; and that he was clearly guilty of contributory negligence under the rule announced in *Stokoe v. Paulson,* 168 Wash. 1, 10 P. (2d) 247; *McAllister v. Anderson,* 169 Wash. 14, 13 P. (2d) 36; and *Butzke v. Hendrickson,* 172 Wash. 302, 20 P. (2d) 7.

The judgment is reversed, with directions to dismiss the action.

BEALS, C. J., MAIN, MITCHELL, and MILLARD, JJ., concur.