[No. 25671. Department One. January 7, 1936.]

W. M. Finical, *Respondent,* v. W. D. McDonald, *Appellant.*[1]

*Palmer, Askren & Brethorst* (*B. E. Lutterman,* of counsel), for appellant.

*Joseph H. Griffin,* for respondent.

Geraghty, J.—This appeal is from a judgment, rendered after a trial to the court without a jury, in favor of the respondent, for personal injuries sustained by him in an automobile collision, occurring within the intersection of Sixth avenue and Wall street, in the city of Seattle.

The general direction of Sixth avenue is north and south. Wall street is an arterial street running east and west. The accident occurred about eight o'clock on the night of March 6, 1934. According to appellant's testimony, he was driving a Cadillac car north on Sixth avenue. As he approached the Wall street intersection, he brought his car to a stop. Observing

[1]Reported in 52 P. (2d) 1250.

the intersection to be clear of traffic, he proceeded north, first in low gear, and later in intermediate. When his car had nearly cleared Wall street, which is sixty-two feet between curbs, it was struck on the right, between the rear bumper and fender, by the model T Ford car driven by respondent. The collision occurred near the northeast corner of the intersection.

He testified that he had looked to the right but did not see any car approaching from the east until he reached the center line of the intersection; that he then saw the respondent's car entering Wall street from Aurora avenue, and proceeded, assuming that he could clear the intersection in safety. Aurora avenue, running somewhat southwesterly, intersects Wall street at a distance, variously estimated in the testimony, of from 175 to 200 feet east of Sixth avenue.

The respondent testified that, after he entered Wall street from Aurora avenue, he drove westerly on the north side of the street at the rate of about twenty-five miles an hour until he approached the intersection. He then slowed down, his attention being attracted by other cars, one on the west side of Sixth avenue just north of the intersection, and another driving easterly on Wall street in the middle of the block between Fifth and Sixth avenues. He did not see the appellant's car until within half a second of striking it.

It is conceded that appellant brought his car to a stop before entering Wall street. The testimony is in conflict on most of the other details. While the appellant testified that the collision occurred near the northeast corner of the intersection, the respondent testified that it occurred on the center line of Sixth avenue, at a point about seventeen feet north of the center line of Wall street.

The trial court characterized the stories of both appellant and respondent as extremely fantastic, but con-

cluded that the appellant was guilty of negligence. Commenting on appellant's testimony that, as he reached the center of the intersection, he saw the respondent's car approaching about 175 feet away, the court expressed the view that it would have been impossible for the model T Ford to have covered this distance and struck appellant's car within the intersection. A passerby, who saw the collision, testified that, when appellant's car was at the center of the intersection, respondent's car was half way between Sixth and Aurora avenues.

But assuming the appellant's negligence, we are of the opinion that the respondent was himself guilty of such contributory negligence as should bar his right to recovery. After entering Wall street from Aurora avenue, he had a clear view of the intersection for at least 175 feet. If he had looked, he could not have helped seeing the appellant's car in its course across the intersection. He testified that, at the time of the collision, while he himself had reduced his speed, the appellant was traveling at the rate of thirty miles an hour. Having testified that he did not see appellant until the moment of impact, his testimony as to the rate of speed could not be very accurate, and the appellant, having brought his car to a stop at the intersection, could have attained that speed only gradually. Appellant must have consumed enough time in negotiating the intersection to have attracted the attention of the respondent if he had taken the necessary precautions for his own safety by looking ahead.

The respondent testified:

"Q. And you did not see the defendant's car, that is, Mr. McDonald's car, you did not see that car, the Cadillac, until you were right up on it, is that right? A. Within about six feet of it, I should judge. Q. You were about six feet from it when you first saw it? A. Yes, as though it just shot by. Q. In other words,

when you saw it, the crash followed almost as quick as you could snap a finger? A. Sure; and if we had had that much, a snap of the finger, that much, I would have missed him entirely, for you can imagine how it all happened. Q. So if you had had just a second more, or if you had seen him a second, a fraction of a second sooner, you could have avoided him? A. I would have missed him entirely. . . . Q. Didn't you see it and hit it at the same moment? A. I was about six feet from it when I saw it. Q. When you saw it? A. Yes. Q. Six feet isn't very far, is it? A. No, it is just a fraction of a second. Q. I see; so that if you had seen it when you were about ten feet away, you would have missed it? A. I would have missed it entirely. Q. Or if you had even eight feet? A. If I had been eight feet, I would have missed it. . . . Q. There was nothing there to obscure your view, was there? A. No, there was nothing at all, because he was on the outside of the car. Q. Nothing at all, I say? A. No. Q. You are sure that the car at 'C' did not swing way out and make the turn here? A. No. Q. So that when his car appeared, it appeared as though it almost fell out of the sky? A. Out of the sky, yes.''

To exculpate the respondent from the charge of contributory negligence, it would be necessary to hold that the driver on an arterial street is protected under all conditions and may, without heed for his own safety or that of others, pursue his course. But arterial streets are not walled ways to be used in this manner. Obviously, vehicles using intersecting streets must cross, and the favored driver must consider this fact. The principle applicable to the instant case is stated in *Geitzenauer v. Johnson,* 161 Wash. 444, 297 Pac. 174:

''Appellant, being on the right, was the favored driver, but we think the testimony in this case clearly shows that it was appellant's car that ran into respondent's car. The testimony also clearly shows that there was no obstructing traffic, and that, while appellant was driving to the right of the center of the street,

yet there was a clear space of some sixteen or seventeen feet between the front end of respondent's car and the curb, so that, had appellant given even the slightest look at the path over which she was traveling, she must have seen respondent's car and have had ample opportunity to avoid the collision. All that was necessary for her to do, was to swerve one foot to the right and she could have easily avoided all injury. Her own carelessness, in failing to look, and in failing to take advantage of the ample space left her in which to pass, precludes recovery by her.''

Appellant, according to respondent's testimony, was seventeen feet beyond the center of the intersection, and according to his own about twenty-five feet, when the collision occurred. In either case, if the respondent had driven with the degree of care the law imposed on him, there was room enough on the right side of the street to have permitted his passage in safety. In *Stokoe v. Paulson,* 168 Wash. 1, 10 P. (2d) 247, where the plaintiff had the right of way at an intersection and defendant entered without stopping, the court held the plaintiff guilty of contributory negligence barring recovery for failure to stop after he became aware, or, in the exercise of reasonable care, should have known, that the defendant's vehicle was not going to yield the right of way.

''The right of way of the respondent was relative, and the duty rested upon him to exercise reasonable care to avoid the accident after he became aware, or in the exercise of reasonable care should have known, that the truck was not going to yield the right of way, but was proceeding across the intersection. *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533.

''It seems plain to us that it must be held that the respondent, in the exercise of ordinary care, should have known, in time to have stopped his automobile, that the truck was not going to yield the right of way, and for this reason he is not entitled to recover. The fact that the respondent was approaching the intersec-

126

tion within the speed limit and was in the favored position, does not entitle him to recover under the particular facts of this case.''

While the court found the appellant guilty of negligence, no finding was made on the issue of respondent's contributory negligence, pleaded affirmatively by appellant in his answer and sustained, as we find, by the preponderance of the evidence.

The judgment will be reversed, and the cause remanded with direction to the superior court to enter a judgment dismissing the respondent's action.

TOLMAN, MITCHELL, MAIN, and STEINERT, JJ., concur.