[No. 28259. Department Two. May 29, 1941.]

MARK D. JUSTICE, *Respondent*, v. ANGELO LAVAGETTO
et al., *Appellants.*[1]

*H. Earl Davis,* for appellants.

*Edge, Keith & dePender,* for respondent.

BEALS, J.—Mark D. Justice, plaintiff in this action, sued defendants Angelo Lavagetto and Eliza Lavagetto, the owners of a truck which they were using in their

[1]Reported in 113 P. (2d) 1025.

floral business, and Harry E. Whitfield, their driver, for damages resulting from injuries received by plaintiff while he was riding in a truck driven and owned by his employer, W. G. Lewis, in which plaintiff was riding as a guest. The action was tried to the court sitting without a jury, and resulted in findings of fact and conclusions of law in plaintiff's favor, followed by a judgment against all the defendants, in the sum of two thousand eight hundred dollars, from which defendants have appealed.

Error is assigned upon the denial of appellants' motion for a nonsuit; upon the making of several findings of fact and conclusions of law; upon the refusal of the court to make certain findings proposed by appellants; upon the denial of appellants' motion for new trial; and upon the entry of judgment in respondent's favor.

The facts of the case are as follows: Madison street in the city of Spokane runs north and south, crossed at right angles by Tenth avenue. At a few minutes past six o'clock in the evening, January 18, 1940, respondent, together with John Harmon and Evelyn Mickelson, were riding in a panel delivery truck owned and operated by their employer, W. G. Lewis, proceeding south on Madison street. Miss Mickelson was sitting beside Mr. Lewis in the driver's seat, while respondent and Harmon were riding in the enclosed panel body of the truck, sitting on a seat with their backs against the right hand side of the panel body, their only vision being through the glass in the front doors of the truck. Mr. Lewis was following a city motor passenger bus, with about half the front of his truck to the left of the bus. The two cars were approaching the intersection of Madison street and Tenth avenue, intending to continue south on Madison street. Another city motor bus was proceeding north on Madison street, on the east

side of that street, and also intending to cross the intersection with Tenth avenue.

At the same time, the truck owned by appellants Lavagetto, and operated by appellant Harry E. Whitfield, was traveling east on Tenth avenue and approaching Madison street. The headlights on all the cars were shining, and the street surfaces were dry and free from snow. Neither Madison street nor Tenth avenue is an arterial, and no stop signs were in place on either street.

As the southbound bus approached the intersection, it slowed down preparatory to stopping, to accord appellants' truck the right of way, whereupon Mr. Lewis turned a little to his left and proceeded to pass the bus. The northbound bus stopped prior to entering the intersection, and the two trucks proceeded into the intersection, with the result that appellants' truck struck the right rear wheel and fender of the Lewis truck, forcing that car up on the curb at the southeast corner of the intersection, severely injuring respondent.

Appellants' truck was on the right of the Lewis truck, and the latter truck was not within Whitfield's vision until it passed ahead of the city bus, which stopped a few feet north of the intersection. The northbound bus, of course, enjoyed the right of way over appellants' truck, and naturally the driver of the latter vehicle was concerned with the operation of the northbound bus, to which he was obligated to accord the right of way, if its driver intended to cross the intersection ahead of appellants' truck. The city bus, however, stopped south of the intersection.

The trial court found that the Lewis truck entered the intersection at approximately ten miles per hour; that the Lavagetto truck was approaching the intersection from the west, was distant about eighty feet, and continued on its way at approximately thirty-five

miles per hour, entering the intersection at from twenty-eight to thirty miles per hour; and that the driver did not see the Lewis truck until the moment of impact. The trial court also found that the negligence of appellant Whitfield was one of the proximate causes of the collision, and concluded that respondent was entitled to judgment against appellants.

Respondent and the other two persons who were riding with Mr. Lewis in his truck were employed by Mr. Lewis, and boarded at his home. On the evening in question, Mr. Lewis was taking his three employees and boarders home, purely as an accommodation to them, and we agree with the trial court that, at the time of the accident, respondent was a guest in Mr. Lewis' truck. The trial court was of the opinion that Mr. Lewis was negligent in entering the intersection after having observed the approach of appellants' truck, but as respondent was Mr. Lewis' guest, he would not be barred by Mr. Lewis' negligence from recovering judgment against appellants, if appellant Whitfield was also negligent, and if his negligence proximately contributed to the accident which occasioned respondent's injuries.

All corners of the intersection, save the southwest corner, are obstructed. It was across this latter corner that the witness Harry Hall, who was driving the northbound city bus, viewed the approach of appellants' truck. Mr. Hall, called as a witness for respondent, testified that Whitfield approached the intersection along Tenth avenue at about thirty-five miles per hour, and entered the intersection at twenty-eight or thirty miles per hour. Appellant Whitfield testified that he approached Madison street at about twenty-five miles per hour, and entered the intersection at about seventeen miles per hour. Mr. Whitfield's testimony concerning his speed is somewhat confused, he, at different

times, having estimated his speed at varying rates, but the evidence indicates that the speeds referred to were his considered estimate. Mr. Whitfield also testified positively that he did not see the Lewis truck until he collided with it.

"Q. You never saw the Lewis car until you struck it? A. That is right. I never saw it at all until we come right together."

The witness Hall testified that, when the Lewis truck passed the southbound bus, the truck was going at about eight miles an hour, and that when the truck entered the intersection, it was going nine or ten miles an hour. The trial court expressed the opinion that the Lewis truck entered the intersection at approximately ten miles per hour.

There is considerable conflict in the testimony, witnesses for the respective parties differing in their estimates of the speeds of the respective trucks. At the request of all parties, the trial judge visited the scene of the accident. The court's views of the case are expressed in a · comprehensive memorandum opinion, which is part of the statement of facts.

A great many decisions of this court are cited in the briefs filed by counsel for the respective parties. Detailed discussion of these authorities would not be helpful. The general principles of law applicable to the facts disclosed by the record before us are well established. The opinion of the trial court to the effect that Mr. Lewis was negligent in proceeding into the intersection as he did, and in failing to give way to appellants' truck, which, as to him, was occupying the favored position, is amply supported by the record. On the other hand, if appellant Whitfield operated appellants' truck in a negligent manner, and if such negligence proximately contributed to the accident and

respondent's resulting injuries, the trial court properly granted judgment in respondent's favor.

A somewhat similar situation was presented in the case of *McCormick v. Hannenberg*, 170 Wash. 133, 15 P. (2d) 939, in which this court, sitting *En Banc*, reversed a judgment rendered upon the verdict of a jury in favor of the defendants. In the course of the opinion, we said:

"Though in the favored position, the duty rested upon the respondent to exercise reasonable care to avoid the accident after he became aware, or, in the exercise of reasonable care, should have known, that the McLeod automobile would not yield the right of way, but was proceeding across the intersection. Whether respondent breached that duty, was a question of fact which the trial court should have submitted to the jury for determination. If appellants' host were negligent, respondent would not be thereby relieved of liability if respondent were also negligent and his negligence were a proximate cause of the accident. The trial court erred in taking from the jury the principal issue in the case."

That the right of way conferred by statute is not absolute, but relative, was explained in the case of *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533. Since that decision, the principle has many times been considered by this court. In this case, of course, no question of contributory negligence is presented, Mr. Lewis' negligence not being imputed to respondent. The sole question before us is whether the trial court's finding that appellant Whitfield was negligent is contrary to the preponderance of the evidence.

In the case of *Finical v. McDonald*, 185 Wash. 121, 52 P. (2d) 1250, this court reversed a judgment in favor of the plaintiff, the case having been tried to the court, for the reason that the preponderance of the evidence showed that the plaintiff, who was the favored driver,

had been guilty of contributory negligence. The facts in many respects resemble those in the case at bar.

According to his own account of the accident, appellant Whitfield drove up Tenth avenue at twenty-five miles per hour, entered the street intersection at seventeen, and did not see the Lewis truck until he struck it, although it was plainly visible, with headlights shining, after it passed south of the slowing city bus. There was no excuse for his not seeing the Lewis truck prior to the collision, which occurred south of the center line of Tenth avenue. The trial court's finding that Whitfield was driving faster than he testified is amply supported by competent evidence.

Examination of the record convinces us that the evidence does not preponderate against the findings of the trial court, and the judgment appealed from is accordingly affirmed.

ROBINSON, C. J., MILLARD, SIMPSON, and JEFFERS, JJ., concur.