[No. 31648. *En Banc.* January 9, 1953.]

ROY MASSENGALE, *Appellant,* v. JOHN SVANGREN et al., *Respondents.*[1]

[1]Reported in 252 P. (2d) 317.

*Charles T. Morbeck,* for appellant.

*James Leavy,* for respondents.

HAMLEY, J.—This is a nonarterial intersection collision case. Plaintiff was in the favored position, being to the right of defendants. RCW 46.60.150 (Rem. Rev. Stat., Vol. 7A, § 6360-88). Defendants cross-complained. The case was tried to the court, which found that the accident was caused by the concurring negligence of both drivers. Judgment of dismissal with prejudice was entered against both plaintiff and defendants. Plaintiff appeals.

Appellant contends that the findings of fact do not support the trial court's ultimate finding or conclusion that appellant was guilty of contributory negligence, and asserts that judgment should therefore have been entered in appellant's favor. The findings of fact, consisting of two paragraphs, read as follows:

"I. That on August 7, 1949, at approximately 3:00 P. M. an automobile owned by plaintiff, Roy Massengale, and driven by his son, Kenneth Massengale, collided with an automobile owned by the defendants and driven by Ruby Mae Svangren at the intersection of Gum and Valley Road; that immediately prior to said collision the defendant Ruby Svangren was proceeding southerly on Gum Street in Kennewick, Benton County, Washington, and the said Kenneth Massengale was proceeding along Valley Road in an easterly direction; that both automobiles approached said intersection at approximately the same time and both were proceeding at a speed of approximately thirty miles an hour; that the northwest corner of said intersection is completely unobstructed and it is possible to see a car which is on Gum Street 100 feet north of said intersection from a car on Valley Road which is 100 feet west of said intersection; that the said Kenneth Massengale did not look to his left upon approaching said intersection until he entered said intersection and that the said Kenneth Massengale did not see

the automobile of the defendants until he was within several feet of the same; that said defendants' automobile was visible at least 100 feet away from said intersection and remained visible at all times from said point to the point of the collision; that the said Kenneth Massengale did not observe defendants' car and did not slow the speed of his car at any time prior to the collision and *that by reason of the said Kenneth Massengale failing to look or by reason of his looking and not seeing the Svangren car which was then in sight the said Kenneth Massengale, the son and agent of the plaintiff, was negligent and said negligence contributed proximately to the collision of said automobiles;* that the said Ruby Mae Svangren was negligent in failing to yield the right of way to the plaintiff;

"II. That both the plaintiff and the defendant were guilty of negligence proximately contributing to the collision above referred to." (Italics ours.)

As indicated by the italics, the trial court found that appellant was negligent in failing to look or by looking and failing to see respondents' car, which was then in sight, and that such negligence was a proximate cause of the accident.

Assuming that appellant had seen respondents' vehicle at any time prior to the time that he actually did see it, was it his duty, as a reasonably prudent driver, to apply his brakes, swerve, blow his horn, or in some other way attempt to avoid a collision? If not, then, whether or not appellant had a duty to look to his left and see respondents' car, his failure so to do was not a proximate cause of the accident.

Every driver has the right to assume that other users of the highway will obey the traffic laws and rules of the road. Accordingly, we have frequently held that a favored driver who has done nothing to confuse or deceive a disfavored driver is entitled to assume that the latter will yield the right of way. *Breithaupt v. Martin,* 153 Wash. 192, 279 Pac. 568; *Jamieson v. Taylor,* 1 Wn. (2d) 217, 95 P. (2d) 791; *Murray v. Banning,* 17 Wn. (2d) 1, 134 P. (2d) 715; *Bleiler v. Wolff,* 23 Wn. (2d) 368, 161 P. (2d) 145; *Anderson v. Kurrell,* 28 Wn. (2d) 227, 182 P. (2d) 1. The favored driver may rely upon this assumption until he becomes aware, or in the exercise of reasonable care should have be-

come aware, that the right of way will not be yielded. *Stokoe v. Paulson,* 168 Wash. 1, 10 P. (2d) 247; *Ellestad v. Leonard,* 18 Wn. (2d) 118, 138 P. (2d) 200.

Under the established facts of this case, the two vehicles were about equidistant from the intersection as they approached at a speed of approximately thirty miles an hour. Had appellant looked to his left when he was one hundred feet from the intersection, he could have seen respondents approaching from the left a similar distance from the intersection and traveling at a similar speed. It was broad daylight, the intersection was unobstructed, and both vehicles were in plain view of the respective drivers.

There is no finding that, had appellant looked, he would have observed that the disfavored driver was inattentive to her driving, or that any other circumstance would have been observed which would have given notice that the disfavored driver did not intend to yield the right of way. There is no finding that appellant was driving in a manner which would tend to confuse or deceive the disfavored driver.

The conclusion is inescapable, on these facts, that had appellant looked and seen respondents' car when both were one hundred feet from the intersection, appellant would have been entirely warranted in proceeding on the assumption that he would be accorded the right of way. Nor did the situation change as the two vehicles approached the intersection. Appellant at all times had the right to assume that the disfavored driver, observing appellant's steady progress towards and into the intersection, would slow down or change his course so as to grant the right of way. There came a time, of course, when appellant could and did see that the right of way was not being yielded. By then, however, it was too late to avoid the collision.

The facts here found distinguish this case from those cases, cited by respondents, where the plaintiff failed to act promptly to avoid an accident, after observing, or negligently failing to observe, the disfavored driver crossing, or attempting to cross, the intersection immediately ahead of the plaintiff. See *Young v. Smith,* 166 Wash. 411, 7 P. (2d) 1; *Finical v. McDonald,* 185 Wash. 121, 52 P. (2d) 1250;

*Justice v. Lavagetto,* 9 Wn. (2d) 77, 113 P. (2d) 1025; *Bennett v. Karnowsky,* 24 Wn. (2d) 487, 166 P. (2d) 192.

 For the reasons indicated, the findings of fact entered by the trial court do not support the court's ultimate finding or conclusion that appellant's failure to look to his left and see respondents' vehicle was a proximate cause of the accident. Contributory negligence was therefore not established. We need not and do not decide whether the favored driver had a duty to look to his left.

 Since the trial court found that the driver of respondents' car was guilty of negligence which was a proximate cause of the accident, the findings of fact require the entry of judgment for appellant.

The judgment is reversed and the cause remanded, with directions that the trial judge fix appellant's damages as shown by the evidence, and enter judgment for appellant accordingly.

MALLERY, GRADY, DONWORTH, FINLEY, and WEAVER, JJ., concur.

SCHWELLENBACH, C. J. (dissenting)—There is no question as to the negligence of respondent. She proceeded into the intersection without regard to the rights of appellant. Appellant, being the favored driver, owed no duty to respondent, the disfavored driver on his left, to protect her from her negligence, there being no question of last clear chance in this case. However, he did owe a duty to himself to protect himself from the negligence of the disfavored driver. His failure to look to the left contributed to his damages and was a proximate cause of the accident. It is a question of fact whether or not a plaintiff or cross-complainant is guilty of contributing to his own injuries and whether or not such action is a proximate cause of the accident. If this case had been tried to a jury and the jury had been given the usual instructions on contributory negligence and proximate cause, and had arrived at the same result as the trial judge, we would not overthrow the verdict.

I agree that a favored driver has the right to assume that other users of the highway will obey the traffic laws and

rules of the road, and this must always be taken into consideration in determining whether or not he has been guilty of contributory negligence which was a proximate cause of the accident. It is a well known fact, however, that many users of the highway do not obey the traffic laws and the rules of the road, and this must also be taken into consideration, especially with regard to the question of contributory negligence. Here the trier of the facts found that both automobiles approached the intersection at approximately the same speed; that the favored driver did not look to his left upon approaching the intersection and that he did not see the automobile of the defendants until he was within several feet of the same; that defendants' automobile was visible at least one hundred feet away from the intersection and remained visible at all times from said point to the point of collision; that the favored driver did not observe defendants' car and did not slow the speed of his car at any time prior to the collision, and that by reason thereof the favored driver was negligent and said negligence contributed proximately to the collision of the automobiles.

We have no right to speculate as to what appellant might have done or might not have done had he observed the disfavored driver approaching from his left. The majority states that had appellant looked to the left, and had he seen the disfavored driver approaching, he would have had the right to assume that the disfavored driver would have yielded the right of way to him. The fact is that the disfavored driver continued on her way without slowing down, and, had the favored driver looked before he entered the intersection, he would have seen that a collision would be likely to occur. His failure to look, therefore, contributed to and was a proximate cause of the accident.

The rule that we will not overthrow the findings of the trial court unless the evidence clearly preponderates against such findings needs no citation of authority. The evidence in this case most certainly does not preponderate against the findings of the trial court, and such findings should not be overthrown by speculative suppositions.

HILL and OLSON, JJ., concur with SCHWELLENBACH, C. J.