[No. 21652.   Department Two.   August 26, 1929.]

H. V. SKATES, *Appellant,* v. W. J. CONNIFF *et al.,*
*Respondents.*[1]

*John M. Wilson* and *Trumbull, Severyns & Trumbull,* for appellant.

*J. W. Lindsay* and *W. J. Conniff,* for respondents.

MILLARD, J.—The plaintiff instituted this action to recover for damages to his automobile and for loss of time resulting from a collision between his automobile and the automobile of the defendants.  By cross-complaint, the defendants sought recovery for damage to their car and for personal injuries sustained by defendant wife.  The cause was tried to a jury, which returned a verdict for the defendants on the complaint, and for the plaintiff on the cross-complaint.  Plaintiff's motion for a new trial was overruled.  From judgment for costs for the defendants, the plaintiff has appealed.

About five thirty o'clock p. m., January 5, 1928, the appellant was proceeding in his automobile in a north-

[1]Reported in 280 Pac. 15.

erly direction along the Olympic highway about two miles north of Quilcene. The respondents, in their automobile, were proceeding in a southerly direction along the same highway. The testimony on behalf of the appellant was that the respondents carelessly and negligently drove their automobile across and on to the left side of the highway directly into the automobile of the appellant. In support of their answer and cross-complaint, evidence was adduced by the respondents that the appellant was negligent in driving his automobile with glaring and dazzling headlights which blinded the respondent husband, who was driving, and caused their automobile to collide with appellant's automobile.

The trial court's refusal to give appellant's requested instructions numbered 1 and 2 is assigned as error.

"Instruction No. 1. The court instructs the jury that, even though they find that plaintiff was guilty of negligence in having glaring headlights and that such headlights blinded the defendant Conniff, still if they find that the defendant Conniff became aware of such negligence a sufficient time before the accident so that by the exercise of ordinary care and diligence he could have stopped the automobile of the defendants and thereby avoid the accident, the plaintiff's negligence will not excuse the defendants. It is the law that the party who last has a clear opportunity of avoiding the accident notwithstanding the negligence of his opponent is considered solely responsible."

"Instruction No. 2. If you find from the evidence that the defendant W. J. Conniff, while operating his automobile at the time and place in question, was blinded by the rays of the headlights of plaintiff's automobile, then I instruct you that it was the duty of the defendant W. J. Conniff to stop his automobile and not proceed further until such time as he was not blinded by the rays from said headlights and able to see the road and objects ahead of him. If the said de-

fendant W. J. Conniff under such circumstances so failed to stop his automobile, such failure on his part was negligence; and if said negligence directly and proximately caused the accident in question and the damages to plaintiff, if any, resulting therefrom, then plaintiff is entitled to recover on his complaint.''

The appellant is in no position to complain. The evidence before us will not sustain the theory of last clear chance. Under the pleadings and the evidence, it was for the jury to say whether, under the circumstances surrounding them, the respondents proceeded for an unreasonable distance while respondent husband's eyes were dazzled, and should, in the exercise of due care, have stopped or slowed down. The court, by instruction No. 4, fully and correctly instructed the jury as follows:

''If you find from the evidence that the defendant W. J. Conniff, while operating his automobile at the time and place in question, was blinded by the rays of the headlights of plaintiff's automobile, then I instruct you it was the duty of said defendant W. J. Conniff to stop his automobile and not proceed further until such time as he was not blinded by the rays from said headlights and able to see the road and objects ahead of him, if under the circumstances he could reasonably have done so. If the said defendant W. J. Conniff under such circumstances so failed to stop his automobile, such failure on his part was negligence, and if said negligence directly and proximately contributed to cause the collision in question and the damages, if any, resulting therefrom, then defendants cannot recover on their cross complaint, regardless of whether the plaintiff or his driver were also negligent or not, and your verdict as to such cross complaint must be for the plaintiff.''

In another instruction, the court correctly instructed the jury as to the burden being on the plaintiff to prove that the respondents were guilty of negligence in one or more of the particulars charged against them, and

also prove that such negligence was the proximate cause of the injuries sustained by the appellant. He further instructed the jury that, unless the appellant made such proof, he was not entitled to recover, and that the burden was upon the respondents to prove the affirmative allegations of their answer and cross-complaint, and the acts of negligence charged by them against the appellant, or they could not recover.

From a reading of all the instructions in the record before us, it is plain that the jury was clearly and correctly charged under the pleadings and the evidence. We have uniformly held that the refusal to give requested instructions is not prejudicial error when they were given in substance in other instructions in so far as the evidence of the case calls for instructions upon the matter requested.

A question of fact having been presented for determination by the jury, in conformity with the rule that a finding by a jury on conflicting evidence will not be disturbed on appeal, the judgment is affirmed.

MITCHELL, C. J., FRENCH, PARKER, and MAIN, JJ., concur.