[No. 22947. Department Two. June 8, 1931.]

P. W. BAKER, *Respondent,* v. ROYAL BLUE CAB & BLUE LINE SIGHTSEEING COMPANY, INCORPORATED, *Appellant,* GRAY TOP CAB COMPANY, INCORPORATED, *et al., Defendants.*[1]

[1]Reported in 300 Pac. 167.

96

*Whittemore & Truscott,* for appellant.

*Stratton & Kane* and *Elmer W. Leader,* for respondent.

BEALS, J.—Plaintiff sued Gray Top Cab Company, Inc., a corporation, Royal Blue Cab & Blue Line Sightseeing Company, Inc., a corporation, and Marion Hawkins for damages suffered as the result of being struck by an automobile driven by defendant Marion Hawkins, contending that, under the law, the accident had been occasioned by the joint negligence of all three defendants. The jury returned a verdict in favor of defendant Gray Top Cab Company, Inc., but found in favor of the plaintiff as against the other two defendants, fixing plaintiff's damages in the sum of fifteen hundred dollars. From a judgment entered in plaintiff's favor upon this verdict, defendant Royal Blue Cab & Blue Line Sightseeing Company, Inc., alone appeals.

Between a quarter past and half past five o'clock on the afternoon of November 26, 1929, it being then dark and foggy, respondent was walking in a westerly direction on the north side of Stewart street in the city of Seattle, approaching the intersection of that street

with Eighth avenue. Respondent testified that, as he reached the northeast corner of this street intersection and was about to cross Eighth avenue, he noticed a "Gray Top cab" standing near the curb, its rear end projecting approximately two feet into the pedestrian crossing, which required respondent to slightly change his course to the south as he continued west across the street. Respondent further stated that a "Royal Blue cab," owned and operated by appellant, was standing double parked by the side of the Gray Top cab.

It appears that defendant Marion Hawkins had been driving his car east along Stewart street, and desired to make a left turn to go north on Eighth avenue. Mr. Hawkins was delayed in making this turn by a car which passed him going west along Stewart street, so, when Mr. Hawkins did make the turn and approached Eighth avenue, his car was well towards the east line of the intersection. As Mr. Hawkins approached the northerly line of the intersection, he noticed the Gray Top cab parked next to the curb, and turned to his left to avoid it. He then noticed the Royal Blue cab, and turned farther to the left, it being necessary that his car proceed somewhere near the center of Eighth avenue. Respondent, having at this time just passed the rear of appellant's cab, was struck by the right front fender of Mr. Hawkins' car, suffering the injuries of which respondent here complains.

Respondent testified that, as he passed appellant's cab, the tail light was not burning; and, the visibility being poor, respondent argues that defendant Hawkins could not see respondent because he was concealed in the shadow of the two taxicabs. After the collision, Mr. Hawkins alighted from his car and assisted respondent. Both respondent and Mr. Hawkins testified that the driver of the Royal Blue cab left his machine

and assisted respondent into Mr. Hawkins' car; that the driver then returned to his cab and drove away, both his head and tail lights being then in operation.

Respondent contended that the driver of appellant's cab was guilty of negligence in double parking his machine, in the manner above described, that appellant is responsible for this negligence, and that the same directly contributed, as one of the proximate causes, to respondent's injuries.

Appellant assigns error upon the refusal of the trial court to dismiss the action at the close of respondent's opening statement; upon the denial of appellant's motion for dismissal made at the close of respondent's case; upon the denial of a similar motion made by appellant at the close of all the evidence; upon the denial of appellant's motion for judgment in its favor notwithstanding the verdict; and upon the denial of its motion for a new trial. Appellant also contends that the court erred in refusing to receive evidence offered by appellant as to the location of its taxi stand, and complains of two instructions.

Appellant's first four assignments of error will be discussed together, as they raise the same question, appellant contending that the evidence fails to show any causal connection by natural and unbroken sequence of events without any intervening efficient cause between the negligence of appellant, if any, and the injury suffered by respondent.

In the first place, appellant argues that it is not negligence, as matter of law, for an automobile to stop momentarily in a street, citing *McAbee v. French,* 150 Wash. 646, 274 Pac. 713. It appears from respondent's testimony that appellant's taxicab was not unattended, as respondent testified that the taxi driver left his car and assisted him into the Hawkins machine. Assuming that the evidence does not require a

holding that, as matter of law, appellant's driver was guilty of negligence in parking his taxicab beside the Gray Top cab, we are satisfied that, under the evidence of this case, whether or not the driver of appellant's taxi was guilty of negligence was a question of fact for the jury. Respondent testified that the tail light on the Royal Blue cab was not on at the time respondent passed the cab. Mr. Hawkins gave testimony to the same effect, although he admitted that he might not have been able to see the light because respondent might have been standing between him and the cab.

Appellant contends that the negligence of defendant Hawkins must be held in law to have been the sole proximate cause of the accident, in that Mr. Hawkins was negligent in failing to see respondent, although the headlights on the Hawkins car were shining, in failing to accord respondent the right of way on the crossing, and in driving on the wrong side of Eighth avenue. It appears from the testimony that, after striking respondent, Mr. Hawkins' car collided with another automobile proceeding south on Eighth avenue, and that, at the time of this collision, the front wheels of Mr. Hawkins' car were to his left of the center of the street.

Appellant admits that it is the law of this jurisdiction that, where the concurrent or successive negligence of two or more persons combined results in injury to a third person, and the negligence of the one without the concurring negligence of the other would not have caused the injury, the person damaged may recover from either or both of the tort feasors. *Ringaard v. Allen Lubricating Co.,* 147 Wash. 653, 267 Pac. 43. Appellant contends, however, that its negligence, if any, did not directly contribute, as one of the proximate causes, to respondent's injuries, and that it cannot be held that ''but for'' the negligence of appellant the

injury would not have occurred. *Crowley v. City of West End,* 149 Ala. 613, 43 South. 359, 10 L. R. A. (N. S.) 801; *Gilman v. Noyes,* 57 N. H. 627.

In this connection, appellant also relies upon the opinion of this court in the case of *McAbee v. French, supra.* In this case, it was held that a truck driver delivering goods, who had stopped his car a short distance from his destination to await the removal of another truck, and who was struck by another machine while placing a block behind the rear wheel of his own car, was not guilty of contributory negligence, as matter of law, under a city ordinance making it unlawful to park a vehicle in places specified in the ordinance. The case cited is not controlling here.

Appellant also cites the case of *Powers v. Standard Oil Co.,* 98 N. J. Law 730, 119 Atl. 273, in which a judgment against the defendant and the driver of its automobile, based upon alleged negligence in leaving the machine illegally parked on the wrong side of the street, was reversed. The court held that the truck as parked presented an obvious existing condition, and that the relative duties resting upon persons using the street in the vicinity were thereby accentuated, and that the defendant was not liable to a person injured by another automobile, the unlawful parking of the defendant's vehicle not constituting an efficient proximate cause. In the case at bar, the time of day and the existence of considerable fog in the atmosphere constituted a condition different from that presented in the case last cited. In other respects the facts of the two cases differ greatly, and we hold that the authority is not in point in the case at bar.

In the case of *Ringaard v. Allen Lubricating Co., supra,* which was a case tried to the court without a jury, this court calls attention to the fact that the trier of the facts had found that the driver of the parked car

was not guilty of negligence, and that the truck was equipped in the usual manner. In the case at bar, the jury found in respondent's favor, and therefore must have determined that the driver of appellant's taxicab had been guilty of negligence in stopping his cab in the position indicated by testimony introduced on behalf of respondent.

This court, in the case of *Hellan v. Supply Laundry Co.*, 94 Wash. 683, 163 Pac. 9, said:

"There may be more than one proximate cause for the same injury. The negligence of different persons, though otherwise independent, may concur in producing the same injury. In such a case, all are liable. They may be held either jointly or severally. The negligence of one is no excuse for that of another.

" 'If the damage has resulted directly from concurrent wrongful acts or neglects of two persons, each of these acts may be counted on as the wrongful cause, and the parties held responsible, either jointly or severally, for the injury. It is well settled by the adjudged cases that when an injury is the result of the combined negligence of the defendant and the negligent or wrongful act of a third person, for whose act neither the plaintiff nor the defendant is responsible, the defendant is liable, when the injury would not have happened except for his negligence. Thus, if two persons wrongfully block up a street, so that one is injured in attempting to pass them, neither of the culpable parties can excuse himself by showing the wrong of the other, for the injury is a natural and proximate result of his own act under the then existing circumstances, and to excuse either would be to deny all remedy in the case of plain and palpable injury.' Cooley, Torts (3d ed.), pp. 119-123.

"See, also, 1 Shearman & Redfield, Negligence (6th ed.), § 31. The question of proximate cause is a mixed question of law and fact. It is usually a question for the jury. It is only where the facts are undisputed and the inferences to be drawn from them are plain and incapable of reasonable doubt or difference of

opinion that it may become a question of law for the court."

In the late case of *Todd v. Alexander,* 160 Wash. 3, 294 Pac. 545, a judgment in favor of the plaintiff against two defendants whose concurring negligence was held to have resulted in injury to plaintiff was affirmed. In the case cited, it appeared that a motor truck belonging to defendant S was accidentally disabled while proceeding north on the east side of Broadway in the city of Yakima, that the truck could not be moved under its own power, and that its tail light was out of commission. The truck was left standing in a diagonal position almost wholly across the east half of the pavement, its right front wheel resting on the dirt shoulder. This was about seven o'clock in the evening, no light having been placed upon the rear of the truck. Defendant A, driving his automobile, approached the truck from the south, driving along the east side of the pavement. When a short distance from the stalled machine, Mr. A, to avoid the same, suddenly turned to his left, passed the truck on his left hand side of the street, and collided with a car being driven south on its proper side of the pavement, in which car plaintiff was riding. A verdict in favor of plaintiff against both defendants was affirmed, it being held that the evidence was sufficient to warrant the jury in holding that the negligence of the agent of the owner of the parked truck was a proximate concurring cause of the collision between Mr. A's car and the machine in which the plaintiff was riding.

We hold that, in the case at bar, the same rule should apply, and that it was for the jury to determine whether or not the negligence of the driver of appellant's taxicab constituted a proximate and concurring cause of the collision between respondent and the auto-

mobile driven by defendant Hawkins. The trial court properly held that this question of fact should be submitted to the jury, and appellant's assignments of error based upon the rulings of the trial court in this connection are not well taken.

In support of its contention that the trial court should have granted its motion for a new trial, appellant contends that prejudicial error was committed in refusing to allow it to introduce evidence to the effect that it maintained two taxi stands near the scene of the accident, where its cabs could lawfully be parked. No reversible error was committed by the trial court in refusing to admit so much of this testimony as was rejected. Considerable testimony along this line was admitted without objection, and was not contradicted by respondent. In any event, the fact that places were available nearby for the lawful parking of appellant's taxicabs was of so little probative force, in view of the testimony on behalf of respondent that a taxicab belonging to appellant actually was parked as stated by respondent and defendant Hawkins, that the trial court committed no reversible error in holding the testimony sought to be introduced immaterial.

Appellant complains of an instruction given by the trial court on the matter of concurrent negligence. In view of our holding upon this question, as above set forth, the instruction was proper.

Finally, appellant contends that the trial court erred in another instruction in which the provisions of certain portions of the traffic ordinance of the city of Seattle were explained to the jury, appellant contending that the ordinance was inapplicable to the situation, as the provisions thereof were not intended for the benefit of any person in a situation similar to that occupied by respondent. There were in the case at bar three defendants. The trial court properly instructed

the jury as to the law applicable to the different situations occupied by these defendants respectively in regard to respondent. We find no error in the giving of the instruction complained of.

The judgment appealed from is affirmed.

TOLMAN, C. J., FULLERTON, BEELER, and MILLARD, JJ., concur.