[No. 27049. Department One. December 31, 1938.]

J. D. O'NEIL, *Respondent*, v. ALBERT GRUHN *et al.*, *Appellants.*[1]

[1]Reported in 85 P. (2d) 1064.

*Robert E. Evans,* for appellant Gruhn.

*Theodore B. Bruener,* for appellant Liljegren.

*W. H. Abel* and *John T. Welsh,* for respondent.

MAIN, J.—This action was brought to recover for personal injuries, and for damages to an automobile. The defendants appeared separately, and each denied liability and affirmatively pleaded contributory negligence. The jury returned a verdict in favor of the plaintiff, and against both defendants, in the sum of $10,250 for personal injuries sustained by the plaintiff,

and $480 for damages to the automobile. Each of the defendants moved for a judgment notwithstanding the verdict, and, in the alternative, for a new trial, all of which motions were overrruled. From the judgment entered upon the verdict, they appeal.

The facts, which are either not in dispute or which the jury had a right to find, may be summarized as follows: The accident out of which this case arose happened on the highway which extends from the city of Raymond, in Pacific county, to the city of Cosmopolis, in Grays Harbor county, and a little over a mile from the latter city. At the point where the accident happened, there is a hill, with a grade down toward Cosmopolis.

The appellant Gruhn was proceeding toward Cosmopolis, operating a truck and trailer which were loaded with one large log. The reach extended back nine feet from the rear of the trailer. Experiencing engine trouble, Gruhn stopped where the grade of the hill was about two per cent. There were no lights on the truck, either in front or at the rear. The appellant Liljegren was going in the direction of Raymond and was operating an unloaded truck and trailer. When he approached Gruhn, the latter signalled him to stop, which he did. The cabs of the two trucks were practically opposite each other. The headlights on the Liljegren truck were burning.

The respondent was proceeding toward Cosmopolis in an automobile, and, when he rounded the curve about two hundred feet to the rear of the Gruhn truck, he saw the headlights of the Liljegren truck and thought it was an automobile approaching. The lights interfered with his vision, and, at a point fifty feet from the Gruhn truck, that is, fifty feet from the end of the reach, his vision was entirely obscured. When twenty-five feet from the end of the reach, he first saw the reach

and the Gruhn truck. When the respondent saw the lights as he rounded the curve, he slackened his speed from thirty-five miles per hour, which he previously had been driving, to twenty-five. The road was a graveled road, oiled, and at the time it was dark and it was either raining or had been raining.

When the respondent saw the end of the reach, Liljegren was standing between the two trucks, and respondent says that the reason that he did not swing to the left and try to avoid the reach was that he would hit what then appeared to him to be an oncoming automobile, or, if he attempted to go through the clearance between the two trucks, which was only ten or eleven feet, he would hit the person standing between them. The reach entered the front end of respondent's automobile and extended into the car until it had pushed the front seat to the back part of the car. The respondent attempted to save himself from injury by opening the door and attempting to lean over that way, but, notwithstanding this, he sustained a severe injury, the reach having caught his right shoulder as it went through.

Upon Gruhn's appeal, as it appears to us, he makes two principal contentions: (a) That the respondent was chargeable with negligence, as a matter of law, because he did not stop on the highway when his vision was completely obscured; and (b) that the trial court erred in instructing the jury. We will consider these questions before we pass to the appeal of Liljegren.

It has been repeatedly held by this court that it is not contributory negligence, as a matter of law, to fail to see, in the night-time, a truck parked on the edge of the narrow pavement, with no red light, where the vision of one approaching the truck from the rear was obscured by the glare of approaching automobiles from

the opposite direction. On this question, in *Frowd v. Marchbank,* 154 Wash. 634, 283 Pac. 467, it was said:

"But every one who has driven an automobile in the night-time and every observant person who has ridden in an automobile in the night-time and has met an oncoming automobile with burning lights, knows that the lights obscure objects behind it for a considerable distance before the automobile is reached until a time after its lights are passed, and to say that it is negligence to drive past an automobile in such a situation is practically to say that it is negligence to drive along a highway in the night-time at all. It must be remembered that both automobiles are in the same situation, and if one must stop so must the other, and if the rule stated by the court is to be applied, it would require some rather intricate maneuvering for the one to get by the other without violating the law. But neither the statute nor the general rules of law contemplate that cars must be stopped in such a situation. When two automobiles meet each other on a highway in the night-time, they may, under all ordinary conditions, proceed to pass at any rate of speed within the statutory limit without being subject to a charge of negligence. We find nothing in the present record to indicate that conditions here were not usual and ordinary."

The cases of *McMoran v. Associated Oil Co.,* 144 Wash. 276, 257 Pac. 846, *Griffith v. Thompson,* 148 Wash. 243, 268 Pac. 607, *Gilbert v. Solberg,* 157 Wash. 490, 289 Pac. 1003, *Long v. Hicks,* 173 Wash. 17, 21 P. (2d) 281, and others that might be cited, are to the same effect.

The case of *Jacquith v. Worden,* 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827, relied on by Gruhn, where a driver of an automobile, while blinded by the headlight of a street car, struck an automobile, parked at the curb, upon which there were no lights, and crossed the street as a result of the collision, striking a pedestrian who had just previously alighted from

the street car at the crossing, bears no analogy, as we view it, to the facts in the present case.

The rule of the dust-cloud cases (*Trainor v. Interstate Const. Co.*, 187 Wash. 142, 60 P. (2d) 7, and *Pryor v. Safeway Stores, Inc.*, 196 Wash. 382, 83 P. (2d) 241), is not the same as that applied when meeting an automobile with its lights burning. Under the settled doctrine of this court, the respondent was not guilty of contributory negligence, as a matter of law, in failing to stop, when his vision for an instant was completely obscured.

When the respondent saw the end of the reach only twenty-five feet away, he was confronted by an emergency. In such a case, if he made an error of judgment in failing to attempt to swing to the left to avoid the reach, the jury had a right to find that the error of judgment was excusable. *Henning v. Manlowe*, 182 Wash. 355, 46 P. (2d) 1057. The law does not scrutinize too carefully an act done by one who has been put in a position of danger by one who inflicts injury upon him, but leaves it for the jury to say whether, under the circumstances, the act in seeking to avoid the danger was that of an ordinarily prudent man. *Sheffield v. Union Oil Co.*, 82 Wash. 386, 144 Pac. 529; *Luther v. Pacific Fruit & Produce Co.*, 143 Wash. 308, 255 Pac. 365.

Two of the instructions given by the court to the jury are not in harmony. In instruction No. 8, it was stated that, if the respondent was blinded by the headlights of the Liljegren truck, he would not be required to bring his automobile to a standstill, but would be justified in proceeding, using such care and caution as a reasonably prudent driver would use under the same circumstances. In instruction No. 15, the jury were told that, if the respondent, when his vision was completely obscured, failed to stop his automobile, such

failure was negligence, and, if it proximately contributed to cause the collision, no recovery could be had.

Instruction No. 8 stated the law correctly, as appears from the cases cited above. Instruction No. 15 was incorrect. It is true, as stated by Gruhn, that instruction No. 15 is, to all intents and purposes, the same as one given in *Skates v. Coniff*, 153 Wash. 538, 280 Pac. 15, and there approved. The holding in that case, however, is out of harmony with all of the other decisions of this court upon the question, and it necessarily follows that the rule there stated cannot be here applied.

The rule is invoked that, where two instructions upon a vital issue are in conflict, and there being no way of determining which the jury followed, a new trial should be ordered. However, in this case, it does not seem to us that that rule is controlling. The incorrect instruction, that is, No. 15, was requested by Gruhn. The jury, by its verdict, apparently followed the law as correctly stated in instruction No. 8. Gruhn having requested an incorrect instruction and the court having given it at his request, it does not appear that he is in a position to claim error, the error being one which, by his request, he invited.

Error is also assigned upon the giving of a number of other instructions, but, without detailed discussion, it may be said that, after having considered the instructions to which attention is called, we do not find in them any substantial error.

Coming now to the appeal of Liljegren, he makes three principal contentions: (a) That the stopping of Gruhn's truck, as a matter of law, was the proximate cause of the accident; (b) that the matter of the lights on his truck should not have been submitted to the jury; and (c) that it was not negligence to park the two trucks less than sixteen feet apart, and that, con-

sequently, it was error to submit this matter to the jury.

As to the proximate cause, when the negligence of one person concurs with that of another to produce an injury to a third person, each of the persons found to be negligent is chargeable as if solely responsible. *Baker v. Royal Blue Cab etc. Co.*, 163 Wash. 95, 300 Pac. 167; *Caylor v. B. C. Motor Transportation, Ltd.*, 191 Wash. 365, 71 P. (2d) 162. In the case now before us, the negligence of Liljegren concurred with that of Gruhn, because, had Liljegren not stopped his truck where he did, but had moved on, the respondent would have had an opportunity to see the Gruhn truck and the reach in time to have swung to the left and avoided the accident.

As to the lights, Rem. Rev. Stat., § 6362-21 [P. C. § 196-21], in addition to other things, provides that a motor vehicle must be equipped with lights which will not project "a glaring or dazzling light" to persons approaching from the opposite direction. The respondent repeatedly testified to the brightness of the lights on the Liljegren truck and the glare of those lights, from which testimony the jury had a right to find that the lights were not such as the law required. It is said, however, that Liljegren testified that he had the lights on dim; but even with that testimony, the jury were not required to find that the lights conformed to the law.

We now come to the question of the two trucks being stopped so that there was only a clearance between them of ten or eleven feet. Section 6362-47 [P. C. § 196-47] provides that in no event shall any person park, or leave standing, any vehicle, whether attended or unattended, upon any public highway, unless a clear and unobstructed width of not less than "sixteen feet" upon the main traveled portion of the highway opposite such standing vehicle shall be left for free passage of

other vehicles. It has been held that this statute must be given a reasonable construction, and that it is not violated if there is a proper excuse or necessity for stopping upon the highway and a reasonable effort is made to leave a clearance of sixteen feet for other vehicles, as specified in the statute. *Grubbs v. Grayson,* 165 Wash. 548, 5 P. (2d) 1033; *Neeley v. Bock,* 184 Wash. 135, 50 P. (2d) 524.

Applying that rule to this case, there was no reasonable necessity for Liljegren parking his truck immediately opposite the Gruhn truck and leaving a clearance of only ten or eleven feet. He could easily have moved forward a short distance so that the trucks would not have been opposite each other, and there would have been ample clearance for a vehicle to get through. The court did not err in submitting this question to the jury.

Liljegren makes some other contentions, which have been considered, but it does not appear to us that they call for detailed discussion. It is sufficient to say that we find in them no substantial merit.

The judgment will be affirmed.

STEINERT, C. J., BLAKE, GERAGHTY, and ROBINSON, JJ., concur.