MAGGITTI *v*. CLOVERLAND FARMS DAIRY, INC.

[No. 53, October Term, 1952.]

*Decided March 11, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Max R. Israelson,* with whom was *Joseph I. Pines* on the brief, for the appellant.

*Max Sokol,* with whom were *Edwin T. Dickerson, Deeley K. Nice, Melvin J. Sykes,* and *Dickerson, Nice & Sokol,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment in favor of the defendant for costs entered after the court had sustained a demurrer to an amended declaration without leave to amend. The declaration alleged that the infant plaintiff, 6 years old, playing near his home, attempted to cross Pratt Street "at or near its intersection with Fagley Street * * * when an automobile owned and operated by the defendant, Nicholas John Rescigno, in a careless and negligent manner in that it was being operated at a high and unlawful rate of speed under the conditions there existing, without due regard to the proximity of the infant plaintiff while he was operating his said automobile to the left of the center of said highway because of the double-parked vehicle hereinafter mentioned; and by failing to observe due precaution for the safety of pedestrians lawfully upon the public street, struck into and against the infant plaintiff with great violence", causing serious injuries.

The cause of action against Cloverland was stated as follows: "And for that at the time of injuries and wrongs complained of a large dairy truck owned by the Defendant, Cloverland Farms Dairy, Inc., was carelessly, negligently and recklessly placed by its agent, servant or employee in the bed of said Pratt Street alongside of vehicles already properly parked at the south curb thereof, so that said truck was 'double-parked', in violation of the law pertraining to the standing of vehicles upon the street and without due regard to the

fact that said truck would serve to obscure the vision of motorists using said street as well as to obscure the vision of pedestrains lawfully and carefully crossing said street near the unlawfully parked truck, and also without due regard to the fact that the 'double-parking' of said truck on the south side of said Pratt Street, which was not wide enough to accomodate more than the two lanes of traffic already blocked by the properly parked vehicles at the curb and the improperly parked truck, would cause east-bound vehicles to travel to the left of center of said street where children of tender years, and the Infant Plaintiff in particular, would not be as likely to expect automobiles to travel; and, in fact, did oblige the vehicle operated by the Defendant, Nicholas John Rescigno, to be driven to the left of center of said Pratt Street at a time when the Infant Plaintiff was carefully and prudently crossing said street in front of the 'double-parked' truck of the defendant, Cloverland Farms Dairy;

"That the action of the Defendant, the Cloverland Farms Dairy, by its agent, servant or employee, in negligently and unlawfully placing or parking its truck in the bed of Pratt Street as aforesaid did, in fact, serve to obscure the vision of both the Defendant, Nicholas John Rescigno, from seeing the Infant Plaintiff and of the Infant Plaintiff from seeing the automobile operated by the said Nicholas John Rescigno, so that the negligence of both Defendants did concur, join and contribute to the injuries and wrongs complained of * * *".

The appellant contends that he is entitled to recover against Cloverland under the facts alleged, regardless of whether the "double-parking" was a violation of law or not. Section 210(11), Article 66½ of the Code of 1951, prohibits parking "on the roadway side of any vehicle stopped or parked at the edge or curb of a street, except for the purpose of receiving or discharging passengers or merchandise". If the driver of the milk-truck had parked his truck temporarily for the necessary purpose of delivering milk, it would seem clear that

he was "discharging * * * merchandise" within the meaning of the statute. We think negligence could not be predicated upon lawfully parking for a necessary purpose, even though the effect is to obscure the view of other users of the highway. Every vehicle using the streets, whether moving, stopped or parked at the curb (whether such parking is permitted or not) presents an obstruction to vision, and creates a condition potentially dangerous to persons who attempt to pass around or cross behind or in front of the plainly visible obstruction. The fact that vision is obscured simply accentuates the duty of the users of the highway to exercise due care under the circumstances, of which the presence of the obscuring vehicle is one.

If the declaration in the instant case relies upon an unlawful parking, in violation of the statute and not within the exception, it may be questioned whether the prohibition was designed to protect other users of the highway or affect their relative rights in any way. The legislative purpose was obviously to expedite traffic, as far as possible, for it is notorious that such parking impedes the flow of traffic even more than parking at the curb. In *Christman v. Weil,* 196 Md. 207, 212, 76 A. 2d 144, 146, we pointed out that the statute providing that a commercial vehicle shall not follow within 150 feet of another commercial vehicle, was designed to permit lighter vehicles to pass and was not material on the question whether the defendant's truck was at fault in following more closely than was reasonable or prudent under the circumstances.

We have held that where a child was injured by a backing truck, the fact that the truck was illegally parked on the wrong side of the street was not the proximate cause of the accident, and the case was properly withdrawn from the jury. *Dallas v. Diegal,* 184 Md. 372, 41 A. 2d 161. In *Powers v. Standard Oil Co.,* 98 N. J. L. 730, 119 A. 273, aff. 121 A. 926, a leading case, it was held that parking on the wrong side of the street was not the proximate cause of an injury to a child struck by

a passing vehicle, even though the truck obscured the view. To the same effect, see *Preger v. Gomory,* Fla., 55 So. 2d 541. These cases illustrate the accepted rule that the violation of a statute is not actionable, even though it may be evidence of negligence, unless there is legally sufficient evidence to show that the violation was the proximate cause of the injury.

The appellant has cited a number of cases from other jurisdictions where the question whether illegal parking was the proximate cause of an accident has been held to be for the jury. Most of these cases are distinguishable on the facts. Thus, in *Takako Inai v. Ede,* Cal. App., 109 P. 2d 400, the vehicle was illegally parked in such a manner as to require pedestrians walking along the side of the highway to leave a place of safety and enter the travelled portion of the highway in order to pass. See also *Jones v. City of South San Francisco,* Cal. App., 216 P. 2d 25 and *Zajac v. Rochester Soda Water Co.,* 259 App. Div. 1055, 20 N. Y. S. 2d 531. In *Baker v. Royal Blue Cab & Blue Line Sightseeing Co.,* 163 Wash. 95, 300 P. 167 the illegally parked vehicle obstructed the use of a cross-walk where pedestrians were required or expected to cross. See also *Milbury v. Turner Center System,* 274 Mass. 358, 174 N. E. 471, 73 A. L. R. 1070, and *Marchl v. Dowling & Co.,* 157 Pa. Super. 91, 41 A. 2d 427. In the instant case the appellant conceded in his brief and in argument, that the milk-truck was not at the intersection but at a place where vehicles have the right of way over pedestrians under Section '201, Article 66½, Code of 1951, and where motorists are not bound to anticipate that pedestrians will cross. *State v. Belle Isle Cab Co.,* 194 Md. 550, 557, 71 A. 2d 435. In *McKay v. Hedger,* 139 Cal. App. 266, 34 P. 2d 221, the illegally parked vehicle, an ice truck, was of a kind that attracted children and was left unattended at a time when a number of children were playing in the street. These cases may be compared with *Cain v. Georgia Power Co.,* 53 Ga. App. 483, 186 S. E. 229, where it was held as a matter of law that the illegal parking of a bus away

from the curb was not the proximate cause of an injury to a pedestrian attempting to cross in front of it, who was struck by a negligently driven automobile, and *Bracy v. Lund,* 197 Wash. 84 P. 2d 670, where it was held that the illegal parking of a disabled truck on a bridge was not the proximate cause of the ensuing accident.

The appellee relies strongly, as did the trial court, upon the case of *Bloom v. Good Humor Ice Cream Co.,* 179 Md. 384, 18 A. 2d 592, which was also decided on demurrer. The facts alleged in that case were quite similar to those in the case at bar. The defendant's driver had "double-parked" his truck between intersections about 8 feet from the curb, and was engaged in selling packages of ice cream to children. The infant plaintiff, 10 years old, having crossed the street and purchased a package, went behind the truck and ran back across the street, where he was struck by a passing car. It was not alleged that the truck obscured the vision or that it was parked illegally. It was alleged that the passing car was operated in a "careful and non-negligent manner". The specific acts of negligence on the part of the driver of the parked vehicle were alleged to be in "inviting the said infant plaintiff to a place of danger, for the purpose of selling him one of his employer's products and in failing and neglecting to see that the said infant plaintiff was safely returned to the east sidewalk". The court held that the "connection between the alleged negligent acts of the appellee Kearn and the injury, was broken by the intervening, immediate causes, [the acts of the motorist passing and the child crossing] which he had no reason to anticipate, and over which he had no control."

While the case is distinguishable in that different acts of negligence were relied on, we think the reasoning is persuasive. In the instant case there were no allegations that the appellee's driver had attracted the child, knew the child was present, or was present himself when the accident occurred. Obviously, he had no con-

trol over the child's actions, and had no reason to anticipate that a child of whose presence he was unaware would attempt to cross the street between intersections, and that a passing motorist operating his car at a high rate of speed and negligently failing to have his car under control or observe the child, as alleged, would run the child down. We think the mere passive act of parking the milk-truck was not, under all the circumstances, the proximate cause of the accident, even assuming that it could be shown to be in violation of the statute. Nothing in the views here expressed is to be taken as in any way affecting the cause of action against the other defendant, Rescigno.

*Judgment affirmed, with costs.*