JENELLE PRINS *v.* PAUL ROBERT SCHREYER ET AL.

[No. 1346, September Term, 1978.]

*Decided October 10, 1979.*

The cause was argued before LOWE and COUCH, JJ., and JAMES S. GETTY, Associate Judge of the Fourth Judicial Circuit, specially assigned, and reargued en banc before GILBERT, C. J., and MORTON, THOMPSON, MOYLAN, MOORE, LOWE, MELVIN, MASON, LISS, WILNER, COUCH, MACDANIEL and WEANT, JJ.

Argued and reargued by *Gerald I. Holtz,* with whom was *Harold A. Sakayan* on the brief, for appellant.

Argued and reargued by *George P. Haldeman,* with whom were *Brault, Graham, Scott & Brault* on the brief, for appellees.

COUCH, J., delivered the opinion of the Court.

Jenelle Prins, the appellant, filed suit in the Circuit Court for Montgomery County against Paul and Frank Schreyer for injuries she sustained when she was struck by an automobile owned by Paul and operated by Frank. The appellant also sued Hugh Robert Lee and Christopher Lee (the Lees) in the same action for creation of a public nuisance and negligence which she alleged caused her injuries when struck by the automobile. The record reveals that the Schreyers have pleaded the general issue and the case against them stands ready for trial; they are not directly involved in this appeal. The Lees filed a demurrer to appellant's amended declaration, which, after a hearing, was sustained by the trial court without leave to amend. (No request for leave to amend further was made by the appellant.) Judgment in favor of the appellees was duly entered. Thereafter, upon the request of appellant, the trial court certified that there was no just reason for delay (Md. Rule 605 a) and this appeal ensued.

The sole issue presented here is whether the trial court's ruling on appellee's demurrer was proper. Appellant contends that the court erred in sustaining the demurrer, maintaining that the allegations contained in count 2 (nuisance) and count 3 (negligence) were sufficient to state causes of action. We disagree and shall affirm the trial court's action.

We begin our analysis by recalling that our review of the propriety of an order sustaining a demurrer to a declaration without leave to amend requires us to assume, as did the trial judge, the truth of all material and relevant facts that are well pleaded, as well as all inferences which can be reasonably drawn from those well pleaded facts. *Kight v. Bowman,* 25 Md. App. 225, 227, 333 A.2d 346 (1975).

Count one of the declaration contains allegations against

the Schreyers (owner and driver of the automobile) only. Appellant incorporated by reference in counts two and three, which apply solely to the appellees, all the facts and allegations contained in count one. Count one alleges as follows:

"For that on or about the 5th day of October, 1975, the plaintiff was a pedestrian walking in a southeasterly direction on River Road near the intersection of Swains Lock Road in Potomac, Montgomery County, Maryland. That at said time it was nighttime, the weather was clear, the roads were dry. River Road in the area of the accident was two lanes, one in each direction and the roadway was straight in the area of the accident and level. Plaintiff was walking in the northwest bound lane to the left of the white curb line at all times relevant herein. That on or about the same date and at or about the same place, the defendant, Frank Joseph Schreyer, was operating his automobile by and through his agent, servant, employee and/or permissive user, defendant, Paul Robert Schreyer, in a southeasterly direction on River Road near Swains Lock Road in a negligent and careless manner and in violation of the traffic rules and regulations then and there in effect in the State of Maryland and the County of Montgomery, and in further violation of the duty of care imposed upon said defendants by law and, more particularly, the defendants failed to give full time and attention to their driving; operated at an unreasonable rate of speed; operated in excess of the posted speed limit; failed to keep their vehicle under control so as to avoid colliding with a pedestrian; failed to keep a proper lookout; failed to operate their vehicle on the travel portion of the roadway; drove their vehicle on the shoulder; travelled on the wrong side of the roadway; attempted to pass when it was unsafe to do so and, as a result, struck the plaintiff causing plaintiff to sustain serious injuries and damages

without any negligence on the part of plaintiff contributing thereto."

Count two alleges in part:

"That on or about the 5th day of October, 1975, the defendants, Hugh Robert Lee and Christopher Lee, by and through their agent and/or servant, arranged, held, sponsored, permitted or consented to a party on property located at 12221 River Road in Potomac, Montgomery County, Maryland; that tickets for several thousand guests were sold to this party at two high schools in Montgomery County, Maryland by the defendants' agent and/or servant; and that nearly 2000 persons attended the party. That the defendants knew or should have known that the party on October 5, 1975 would attract that number of persons and knew or should have known that there was no public transportation to the site of the party and that all of the guests would arrive in private vehicles; that there were inadequate parking facilities on the property or adjacent thereto to accommodate that amount of persons travelling by private cars; that the defendants did not make arrangements to accommodate traffic, including parking for the persons they invited. That due to the actions or inactions of the defendants as set forth herein, cars were parked along River Road for a two mile radius from the defendants' property, including the area at or near the intersection of Swains Lock Road, creating a dangerous situation and a public nuisance for pedestrians, including plaintiff, who were forced to walk along River Road, in that the defendants in their actions obstructed the plaintiff's use of the public highways, in that River Road in the area outlined herein is a public two-lane road, one lane in each direction with no sidewalks for pedestrians to walk on and an unimproved shoulder to the right of the travel portion of the road. That cars were parked on the unimproved shoulder of the

road for the two mile radius as set forth herein, creating a dangerous condition for pedestrian traffic on River Road in that the cars parked on the shoulder of River Road prevented pedestrians, including the plaintiff, from walking along the shoulder of the road and forced them to walk on the line separating the shoulder and the roadway or on the roadway itself and, in addition, narrowed the travel portion of the roadway. That due to the parking conditions created on River Road by the actions of the defendants as set forth herein, the Montgomery County Police had been called to the scene and set up barricades along River Road and were allowing only residents of the area to proceed on River Road; that due to the barricades set up by the Montgomery County Police, the plaintiff, who was en route to pick up her daughter, was forced to park her vehicle approximately two miles away from the defendants' property and walk toward it. That as a result of the public nuisance created by the defendants as set forth herein, plaintiff, while walking in a southeasterly direction on River Road at or near the vicinity of the defendants' party, was struck by a vehicle, causing her to sustain serious injuries and damages, without any negligence on the part of plaintiff contributing thereto."

Count three alleges in part:

"That on or about the 5th day of October, 1975, the defendants, Hugh Robert Lee and Christopher Lee, by and through their agents and/or servants organized, planned, promoted, supervised and otherwise permitted a party on their property located at 12221 River Road in Potomac, Montgomery County, Maryland; that tickets were sold without a license to this function, in violation of law; that nearly 2000 persons attended the party; and that the area at which the party was held was not designed to accommodate such a large number of persons nor were there adequate parking facilities

available. That the defendants negligently and carelessly organized, planned and promoted the party described herein in that they knew or should have known that their property could not accommodate the large number of persons whom they knew would be attending the party; that they knew or should have known that cars would be parked on both sides of River Road in the vicinity of their property due to the inadequate parking facilities on his property thus creating a danger to those persons, including plaintiff, who were walking back and forth on River Road. That the defendants knew there was no public transportation to their property and that all of the guests would arrive in private automobiles or on foot. That defendants negligently and carelessly supervised the party in that they allowed minors to attend the party and to remain at the party until late in the evening, when they knew or should have known that the parents of said minors would be out looking for them; that as a result of the negligence and carelessness of the defendants as set forth herein, the plaintiff, while walking in a southeasterly direction on the edge of River Road at or near the vicinity of defendants' property, was struck by a vehicle causing her to sustain serious injuries and damages without any negligence on her part contributing thereto."

Count two purports to be grounded on a nuisance theory, inferentially stemming from the obstruction of River Road, a public highway. We do not believe the allegations set forth in count two support this theory. The only allegation of road obstruction is that cars parked on the shoulder of the road prevented pedestrians, including plaintiff (appellant here), from walking along the shoulder and forced them to walk either on the line separating the shoulder and the roadway or on the roadway itself, and that the travel portion of the roadway was narrowed. There is no allegation of the width of the remaining usable portion of the road and, from the allegations contained in count one, it appears clear that

appellant was struck by the Schreyer automobile while walking on the shoulder. Nor is there any allegation that the cars were parked illegally. The appellant's allegations in count two fall into the category of public nuisances. The Court of Appeals set forth three types of public nuisances in *Burley v. City of Annapolis,* 182 Md. 307, 34 A.2d 603 (1943):

> "Public nuisances, that is to say, those nuisances which have a common effect and produce a common damage, are usually placed in three classifications: First, those which are nuisances *per se* or by statute; second, those which prejudice public health or comfort such as slaughterhouses. livery stables, etc.; third, those which in their nature are not nuisances, but may become so by reason of their locality, surroundings, or the manner in which they may be maintained."

*Id.* at 312. The third classification clearly covers the allegations of count two since it is supposedly premised upon the obstruction of River Road.

An allegation of substantial interference with the plaintiff's interests, in this instance unfettered use of the roadway, is a necessary ingredient for stating a cause of action in nuisance. Dean Prosser, in his treatise, The Law of Torts, states:

> "Both public and private nuisances require some substantial interference with the interest involved.... The law does not concern itself with trifles, or seek to remedy all of the petty annoyances and disturbances of everyday life in a civilized community.
>
> Where the invasion affects the physical condition of the plaintiff's land, the substantial character of the interference is seldom in doubt. But where it involves mere personal discomfort or annoyance, some other standard must obviously be adopted than the personal tastes, susceptibilies and idiosyncrasies of the particular plaintiff."

Prosser, *The Law of Torts,* ch. 15, § 87 (4th ed. 1971). That standard has been stated in Maryland as follows:

> "The rule which must control is whether the nuisance complained of will or does produce such a condition of things as in the judgment of reasonable men is naturally productive of actual physical discomfort to persons of ordinary sensibilities, tastes, and habits, such as in view of the circumstances of the case is unreasonable and in derogation of the rights of the party ... subject to the qualification that it is not every inconvenience that will call forth the restraining power of a court."

*Meadowbrook Swimming Club, Inc. v. Albert,* 173 Md. 641, 645, 197 A. 146 (1938). The allegation in count one that appellant was struck by the automobile while walking on the shoulder negates the inference that the alleged nuisance substantially interfered with appellant's ability to use the roadway as a pedestrian. The allegations contained in count two are not sufficient to show a nuisance created by the Lees for the alleged obstruction of River Road.

Count three sounds in negligence in that appellees organized a party to be held on property located on River Road, that tickets were sold without a license, and that nearly 2000 persons attended. It is further alleged that appellees negligently organized the party insofar as they knew there were inadequate parking facilities provided to accommodate the expected large crowd, which would have to arrive by automobile. It is further alleged that appellees knew or should have known that cars would have to park on River Road, creating a danger to persons walking thereon.

Again, we believe these allegations insufficient to state a cause of action in negligence. With respect to the failure to obtain a license, the pleading does not set forth any information about the license or how the failure to obtain it had any part to play in this accident. While the violation of an ordinance or regulation may be evidence of negligence, it must be shown that the violation was a proximate cause of the injury, *see Maggitti v. Cloverland Farms Dairy,* 201 **Md.**

528, 533, 95 A.2d 81 (1953). This is absent here. With respect to the car parking aspect of this count, again, as set forth above in our discussion of the nuisance count, we do not find allegations as to the width of the clear travel portion of the road or the manner in which the cars were parked and whether the parking was legal or not, so as to support a conclusion that there was danger to appellant. We do not believe the allegations of this count are sufficient to survive a demurrer.

In any event, we believe that appellant's own pleading patently demonstrates that any wrongdoing by appellees was superseded by the actions of the automobile operator. As previously noted, appellant incorporated by reference all of the allegations of count one into both count two and count three. Even a cursory examination of count one indicates that the cause of the accident was the automobile driver's failing to obey the posted speed limit, failing to keep a proper lookout, and driving on the left hand shoulder of the road, apparently in passing, when unsafe to do so. It has been held that when wrongful actions of a party are only passive and those of another are active, there is no responsibility on the passive actor. In *Peterson v. Underwood,* 258 Md. 9, 16, 264 A.2d 851 (1970), the Court of Appeals stated:

> "Proximate cause ultimately involves a conclusion that someone will be held legally responsible for the consequences of an act or omission. This determination is subject to considerations of fairness or social policy as well as mere causation. Thus, although an injury might not have occurred 'but for' an antecedent act of the defendant, liability may not be imposed if for example the negligence of one person is merely passive and potential, while the negligence of another is the moving and effective cause of the injury. *Bloom v. Good Humor Ice Cream Co.,* 179 Md. 384, 18 A.2d 592 (1941), or if the injury is so remote in time and space from defendant's original negligence that another's negligence intervenes. *Dersookian v. Helmick,* 256 Md. 627, 261

A.2d 472 (1970); *Liberto v. Holfeldt,* 221 Md. 62, 155 A.2d 698 (1959)."

In our view, any wrongdoing on the part of appellees was passive and potential while that of the automobile operator was the moving and effective cause of the injury.

Accordingly, we hold the trial court did not err in sustaining appellees' demurrer without leave to amend.

*Judgment affirmed.*
*Costs to be paid by appellant.*