[No. 23592. *En Banc.* November 14, 1932.]

WALTER R. McCORMICK *et al., Appellants,* v. C. J. HANNENBERG, *Respondent.*[1]

*Charles R. Denney* and *Clarence J. Coleman,* for appellants.

*Roberts, Skeel & Holman* and *W. R. McKelvy,* for respondent.

[1]Reported in 15 P. (2d) 939.

MILLARD, J.—Walter R. McCormick and wife brought this action to recover for personal injuries alleged to have been sustained by Mrs. McCormick as a result of the collision, within a street intersection of the city of Everett, of the defendant's automobile with an automobile in which Mrs. McCormick was riding as a guest. Trial of the cause to a jury resulted in a verdict in favor of the defendant. From a judgment on the verdict, the plaintiffs have appealed.

Rucker avenue, an arterial highway in the city of Everett, runs north and south. California street, which runs east and west and is not an arterial highway, intersects Rucker avenue. Near the southwest corner of the intersection is the usual "stop" sign, warning east-bound traffic on California street to come to a stop before attempting to cross Rucker avenue.

Respondent was driving north on Rucker avenue, approaching California street from the south, hence was the favored driver. The testimony is in conflict as to the speed of respondent's automobile. M. McLeod was driving his automobile, in which the appellants were riding as McLeod's guests, east on California street, approaching Rucker avenue from the west; that is, appellants' host was approaching from the left or on a disfavored street. The witnesses are not agreed as to whether McLeod, in obedience to the stop sign and in compliance with the statute, stopped his car prior to entering the intersection. The two automobiles collided within the intersection of Rucker avenue and California street. As a result of the collision, appellant wife suffered personal injuries.

There is evidence to the effect that, when McLeod's automobile arrived at the west edge of Rucker avenue, the occupants looked to the right and saw respondent's

automobile three hundred or more feet south of the intersection; that the speed of respondent's automobile was not then apparently excessive. Respondent testified that he looked to the left as he entered the intersection, not that he looked to the left as he approached the intersection; that he did not see the McLeod automobile at any time prior to colliding with it.

Error is assigned upon the instruction limiting the issue as to respondent's negligence to that of speed. The court instructed the jury that

". . . unless you shall find by a preponderance of the evidence that the defendant was exceeding the speed limit . . . when he entered the intersection, then in no event can you find for the plaintiffs."

Counsel for respondent urge that the only negligence charged was that of excessive speed, hence the court did not err in limiting to a question of speed the issue as to respondent's negligence.

Not only did appellants allege excessive speed, but they also charged that the negligence of the respondent consisted in failure to bring

". . . his car under control and to bring the same to a stop when he saw, or by the exercise of reasonable care could have seen"

that a collision with McLeod's automobile was imminent.

Let us concede, for the sake of argument, that the allegation in the complaint pertains solely to excessive speed. No objection was offered to the testimony which tended to prove that respondent did not keep a proper lookout; and that, by the exercise of reasonable care, the respondent could have seen the McLeod car in time to avoid the accident. That being the state of the record, the pleading will be deemed

amended to conform to the proof. *Larson v. Olson,* 167 Wash. 253, 9 P. (2d) 68.

Though in the favored position, the duty rested upon the respondent to exercise reasonable care to avoid the accident after he became aware, or, in the exercise of reasonable care, should have known, that the McLeod automobile would not yield the right of way, but was proceeding across the intersection. Whether respondent breached that duty, was a question of fact which the trial court should have submitted to the jury for determination. If appellants' host were negligent, respondent would not be thereby relieved of liability if respondent were also negligent and his negligence were a proximate cause of the accident. The trial court erred in taking from the jury the principal issue in the case.

The judgment is reversed, and the cause remanded with direction to grant a new trial.

TOLMAN, C. J., MAIN, MITCHELL, HOLCOMB, BEALS, HERMAN, and STEINERT, JJ., concur.