[No. 25631. Department One. June 17, 1935.]

W. G. HOENIG, *Appellant,* v. E. P. KOHL *et al.,*
*Respondents.*[1]

*J. W. Quick,* for appellant.
*Ellis & Evans,* for respondents.

TOLMAN, J.—This is an action for personal injuries suffered in an automobile collision. The case was tried to a jury. A verdict favorable to the plaintiff was re-

[1]Reported in 46 P. (2d) 728.

turned, and thereafter the court granted a motion for judgment *non obstante veredicto* and entered a judgment dismissing the action. The plaintiff has appealed.

There was sufficient evidence to sustain a verdict based upon the negligence of the driver of respondents' car, and it is apparent that the ruling of the trial court was based upon the contributory negligence of the appellant. We shall therefore discuss only such facts as bear upon that question.

The collision occurred at the intersection of north Fourth and "I" streets in the city of Tacoma. Appellant was driving west on north Fourth street, and the respondents' car was traveling south on "I" street, and, being on appellant's right hand, it had the superior right at the intersection. Neither street was an arterial highway, and stop signs are not involved. The day was clear, the visibility was excellent, and there was nothing to interfere with the appellant's view of the car approaching on his right for at least the distance of half a block.

The appellant testified that the injuries he received were such as to affect his memory, and that he had no recollection of the accident or of the events which immediately preceded it. He produced as his principal witness a lady who was riding beside him as his guest, and it is upon her testimony that the question of contributory negligence must be decided.

Drawing all inferences in favor of the appellant, it appears from her testimony that the appellant approached the intersection at a lawful rate of speed, that he looked in the direction from which respondents' car was approaching, and that, at that time, the approaching car was not more than half a block distant and was then clearly seen by the witness; that both

cars continued on, and that the collision occurred as the forward part of appellant's car was passing out of the intersection. Appellant's car was struck near the rear, while that portion of it was still within the intersection. The witness further testified on direct examination:

"Q. And what did you observe or did you observe anything else to this car that was coming, that you would say was half a block away when you entered the intersection, what did you observe as to it? A. Well, I noticed that he was coming so fast, that I just held my breath, expecting to be hit almost any minute. Q. Did you observe any slackening of the speed of that car during the time it was travelling that half block, until about the instant of the collision? A. No, I did not. Q. Now, when the collision occurred, what part of Hoenig's car was hit by this car that was coming south on "I" street? A. Well, the rear wheel. Q. The rear wheel of Hoenig's car? A. Yes, sir."

On cross-examination, she further testified:

"Q. Now, you say you saw the other car before the accident? A. I did. Q. How far back of the curb line were you when you saw it? A. I saw it as we started to cross "I" street. Q. You saw it as you started to cross "I" street. Now, just turn around and look at the map. . . . Take my pencil and mark where you were when you looked. A. We were just starting to cross "I" street. Q. You were right there? A. Yes. Q. How far back was the other car? A. I should say he was about there (indicating). Q. That would be about the proportion in the block, would it? A. Yes, sir. Q. And when you went along there, you had not slowed your speed any at all? A. Well, he hesitated before he crossed "I" street. He did not stop. Q. Now, what did you observe about the other car? A. Well, I observed that he was driving very fast— Q. And were you frightened? A. Yes, sir, I was. Q. You appreciated there was going to be a collision? A. I certainly did. Q. And did you say anything? A. No, I did not say a word. Q. But, you

could tell from the way the other car was coming, and the way you were proceeding across the street, you were going to be struck? A. I thought we were. . . . Q. Now, you say you are positive that Mr. Hoenig looked? A. I am. Q. Where were you when he looked? A. Just as he started across "I" street. Q. Just as he started to cross "I" street. Did he see the car coming? A. I don't know. I did not ask him. Q. But you saw it coming, and so fast you knew it was going to hit you? A. I did. Q. It was close enough, you knew he couldn't have got out of the way? A. He could have if he put on his brakes, and tried to stop. Q. He could have stopped, you think? A. He certainly could, I think."

Having in mind the rule laid down in *Martin v. Hadenfeldt*, 157 Wash. 563, 289 Pac. 533, and the cases which follow it, there is here no room for reasonable minds to differ. If the appellant looked, as it is said he did, then he saw, or was charged with the duty of seeing, the approaching car, and was bound in law to know that its rights in the intersection were superior to his own. Being the disfavored driver, it was incumbent upon him to yield the right of way unless the situation was such as to clearly indicate that he could cross with a fair margin of safety. In the light of the quoted testimony, no reasonable mind can believe that the appellant exercised that care which the law required of him. The burden was upon the appellant to produce evidence of facts which would justify him in proceeding into the intersection. This, he did not do, and upon the uncontradicted testimony, reasonable minds must agree that the appellant was guilty of contributory negligence in driving into the intersection under the conditions shown.

The doctrine announced in *Martin v. Hadenfeldt, supra,* has been followed and applied in many cases since decided, and the law upon the question is too well

settled to require further discussion or citation of authority.

The judgment appealed from is affirmed.

MILLARD, C. J., MAIN, BEALS, and GERAGHTY, JJ., concur.