[No. 27689. Department One. November 28, 1939.]

THE DEPARTMENT OF LABOR AND INDUSTRIES, *substituted for Virgil Nostrand, Appellant,* v. V. A. HICKLE *et al., Respondents.*[1]

*The Attorney General* and *T. H. Little, Assistant* (*Edwin J. Cummins,* of counsel), for appellant.

*J. E. Stewart,* for respondent.

BLAKE, C. J.—This is an appeal from a judgment entered in favor of the defendants notwithstanding a verdict for the plaintiff in an action for personal injuries. After giving notice of appeal, the plaintiff elected to take compensation under the industrial insurance act, and the department of labor and industries was substituted as the appellant.

The action arose from a collision between a Chevrolet truck, which the plaintiff was driving north on

[1] Reported in 96 P. (2d) 577.

Michigan street, and a Pontiac coupe, which the defendant Hickle was driving west on First avenue, in the city of Aberdeen. Neither street is an arterial highway. The intersection is one where the driver's view is obstructed—a house and a holly tree being located on the lot at the southeast corner.

The plaintiff's evidence was sufficient to take the case to the jury on the question of the defendant's negligence. So the problem for determination is whether the court was warranted in holding the plaintiff guilty of contributory negligence as a matter of law.

From what we have said, it will be noted that the plaintiff was the disfavored driver. He testified that, as he was approaching the intersection, he was traveling at a speed of about twenty-five miles an hour; that, at a point about thirty or thirty-five feet from the south curb line of First avenue, he looked to his right; that, at that point, his view along First avenue to the east was limited to about one hundred and fifty feet by reason of the house and holly tree located on the lot at the southeast corner; that he slowed down to eighteen or nineteen miles per hour as he entered the intersection, but that he did not look again to his right and did not see the defendant's car at all; that the first intimation he had of the impending crash was when he heard the brakes being applied on the defendant's car; that the truck was struck at the right rear fender when the front end had passed the north curb line on First avenue. He also testified that he did not know who had the right of way.

This frank admission, we think, is the key to the problem. For it is apparent from his narrative that the plaintiff acted in ignorance, and with utter disregard, of his own obligations as the disfavored driver and of the rights of the defendant as the favored

driver. The facts to which the plaintiff himself testified preclude recovery under the second and the fourth subdivisions of the rule laid down in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, as applied in such cases as *Rhodes v. Johnson,* 163 Wash. 54, 299 Pac. 976; *Hoenig v. Kohl,* 182 Wash. 245, 46 P. (2d) 728, and *Fisher v. Hemrich Brewing Co.,* 183 Wash. 489, 49 P. (2d) 1, 53 P. (2d) 1198. What was said of the disfavored driver in the *Hoenig* case may well be said of the plaintiff here:

"If the appellant looked, as it is said he did, then he saw, or was charged with the duty of seeing, the approaching car, and was bound in law to know that its rights in the intersection were superior to his own. Being the disfavored driver, it was incumbent upon him to yield the right of way unless the situation was such as to clearly indicate that he could cross with a fair margin of safety. In the light of the . . . testimony, no reasonable mind can believe that the appellant exercised that care which the law required of him. The burden was upon the appellant to produce evidence of facts which would justify him in proceeding into the intersection. This, he did not do, and upon the uncontradicted testimony, reasonable minds must agree that the appellant was guilty of contributory negligence in driving into the intersection under the conditions shown."

Judgment affirmed.

MILLARD, MAIN, ROBINSON, and SIMPSON, JJ., concur.