560

## UNITED STATES v. HOLT et al.
### No. 136.

District Court, W. D. Washington, S. D.
Sept. 3, 1940.

J. Charles Dennis, U. S. Atty., and Frank Hale, Asst. U. S. Atty., both of Tacoma, Wash., for plaintiff.

Frank R. Manning, of Puyallup, Wash., for defendants.

YANKWICH, District Judge.

The action involves a collision between the automobile of the defendants and the automobile driven by an enrollee of the Civilian Conservation Corps of the United States of America.

Recovery of damages to the government-owned automobile is sought in the sum of $203.69.

The collision occurred on April 18th, 1939, in the intersection of Union Avenue and Center Street, Tacoma, Washington. Union Avenue is an arterial highway.

There is at the intersection, a signal light requiring traffic from all directions except the south to stop, and requiring traffic from the south to drive slowly.

The defendant, driving easterly on Center Street, stopped his automobile at the intersection, looked to his right, in the direction from which the CCC car, which was travelling northerly on Union Avenue, was coming, but did not see it. His view was obstructed by passing automobiles. He entered the intersection ahead of the CCC automobile.

It was the duty of the defendant to stop and yield the right of way. Failure to do so is negligence. See Remington's Rev.St. of Wash. §§ 6360—80, 6360—90; McCormick v. Hannenberg, 1932, 170 Wash. 133, 15 P.2d 939; Hoenig v. E. P. Kohl, 1935, 182 Wash. 245, 46 P.2d 728.

The CCC automobile could not, under the law, travel faster than twenty (20) miles an hour, in traversing the intersection. The driver was also bound by the duty of care.

I am convinced from the evidence and the physical conditions at the time and after the accident as described in court, that the CCC automobile entered and traversed the intersection at an excessive rate of speed and that but for this excessive speed the defendant's automobile could have crossed the intersection in safety.

This, under the law of Washington, constitutes contributory negligence, which bars recovery. See Martin v. Hadenfeldt, 1930, 157 Wash. 563, 289 P. 533; Martin v. Westinghouse Electric & Manufacturing Co., 1931, 162 Wash. 150, 297 P. 1098; Eggert v. Schumacher, 1933, 173 Wash. 119, 22 P.2d 52.

Judgment will, therefore, be for the defendants that plaintiff take nothing by its complaint.