[No. 28929. Department One. March 4, 1943.]
GEORGE H. MURRAY, *Respondent*, v. JIM BANNING,
*Defendant*, J. T. BALCH, *Appellant*.[1]

*George Bovingdon,* for appellant.

*Henderson & McBee,* for respondent.

[1]Reported in 134 P. (2d) 715.

2

MILLARD, J.—This action was brought to recover for personal injuries and property damage claimed to have been sustained as a result of the negligent collision of the automobile of J. T. Balch with the automobile of plaintiff. Trial of the cause to the court, sitting with a jury, resulted in verdict in favor of the plaintiff against defendant Balch, defendant Banning not appearing and no judgment being taken against him. From judgment on the verdict, defendant Balch appealed.

The accident occurred February 25, 1941, about 11:30 a. m., on the Pacific highway (a main arterial highway) between Mount Vernon and Bellingham, immediately north of Mount Vernon. The pavement was wet due to a slight rain. Respondent was operating his automobile, at the rate of thirty-five miles an hour, in a northerly direction approaching the Riverside bridge which spans the Skagit river. The course of the highway at this point is northerly and southerly. The approach to the bridge from the south is on an incline. A dirt road intersects the highway a short distance south of the bridge and rises on an incline to meet the state highway on each side. Appellant was driving his automobile south on Pacific highway, coming off the bridge at the rate of forty-five miles an hour.

When respondent was approximately three hundred feet from the intersection, he noticed an automobile, operated by Jim Banning, coming out on the dirt road from the west onto Pacific highway. Respondent testified that he was uncertain whether Banning's automobile, which turned south on the highway, stopped prior to entering the highway. Respondent then saw automobile of appellant immediately behind the Banning automobile. The highway patrolman, who investigated the accident, testified that he was informed by respondent, immediately after the accident, that Banning's

car drove onto the highway when appellant's car was just leaving the approach to the bridge about fifty feet north of the intersection.

Respondent testified that it was his impression, when he saw appellant's automobile, that appellant intended to make a left-hand turn, but, instead of continuing east, appellant's automobile went into a spin and proceeded on down the highway in the east lane (the right-hand side of the highway going north), or respondent's side of the highway. Respondent was then two hundred to two hundred and fifty feet south of appellant's automobile. Respondent applied his brakes and, when his automobile was seventy-five or eighty feet south of the intersection, appellant's automobile collided with respondent's automobile. The right front wheel of appellant's automobile hit the right front wheel of respondent's automobile. The Balch automobile proceeded on south, raking the right or east side of respondent's automobile, which was thrown across the highway in a northwesterly direction, where it struck the guard rail on the west side of the highway. In other words, respondent's automobile was hit when it was on its own right side of the pavement.

Respondent alleged that Banning negligently and carelessly failed to bring his automobile to a stop before entering onto Pacific highway, a main arterial highway, and drove into the path of the oncoming automobiles of respondent and appellant. The alleged negligence of appellant was that of operating his automobile at a speed greater than was reasonable and proper under the existing circumstances and that, due to the excessive speed at which appellant was traveling and the wet and slippery condition of the paved highway, in attempting to apply his brakes, appellant's automobile skidded into collision with respondent's

automobile, which was upon its own right-hand side of the road.

At the conclusion of respondent's case in chief, appellant moved for a nonsuit, which motion being denied, appellant, who offered no evidence, rested. Appellant's motions for new trial and for judgment notwithstanding the verdict were also denied. Only two witnesses, respondent and a highway patrolman, testified.

Appellant argues that, accepting as true the evidence on behalf of respondent and viewing all reasonable inferences therefrom in the light most favorable to respondent, there is not a scintilla of evidence even tending to show negligence on the part of appellant or that a proximate cause of the accident is chargeable to appellant.

Respondent argues that, while appellant had a right to drive fifty miles an hour in the zone where the accident occurred, that speed limit is subject to the rule (Rem. Rev. Stat., Vol. 7A, § 6360-64 [P. C. § 2696-891]) which requires careful and prudent driving at all times, and that under the circumstances—wet pavement—appellant's speed was excessive, hence unlawful. In support of this position, respondent cites *Johnson v. Ohman,* 10 Wn. (2d) 466, 117 P. (2d) 217. Respondent also insists that, while skidding in and of itself is not evidence of negligence, yet, where an automobile skids over onto its left-hand side of the road and collides with another automobile, the burden is imposed upon the driver on the wrong side of the road of proving excuse or justification for such violation of the law of the road and establishing that he was free from fault. Respondent cites in support of this argument a number of our opinions, among which is *Weaver v. Windust,* 195 Wash. 240, 80 P. (2d) 766, which cites our prior opinions. It is contended that appellant did not offer any

evidence and left the jury to conjecture what his explanation would be.

In *Jamieson v. Taylor,* 1 Wn. (2d) 217, 95 P. (2d) 791, except for the factor of contributory negligence which is not present in the case at bar, the facts are similar with respect to road condition, including the items of rain and wet pavement, to the facts in the case at bar. In neither case was there any evidence of illegal speed. In the case cited, as in the instant case, the evidence as to the speed at which the car was moving cannot be said to establish negligence on the part of the operator by reason of excessive speed, which did not exceed the limit of fifty miles an hour allowed on this arterial highway. We said in *Jamieson v. Taylor, supra,* that the operator could lawfully have been moving at the rate of fifty miles an hour until such time as it reasonably should become apparent to that operator that the driver of another car was attempting to precede her through the intersection.

In *Jamieson v. Taylor, supra,* which answers the argument of respondent that appellant's negligence in excessive speed is shown by what appellant's automobile did after the road was obstructed by defendant Banning, the situation is not dissimilar from that presented by the facts in the case at bar. We stated that the fact that the plaintiff's truck was pushed twenty-five to thirty feet north by the force of the collision is a physical factor not inconsistent with lawful speed on the part of respondent, with whose automobile plaintiff's truck collided, when such factor is considered in the light of other circumstances surrounding the accident and the lawful speed at which defendant was traveling. In that case, the defendant was the respondent and plaintiff was appellant. We said:

"In the exercise of due care, the respondent was not required to anticipate that appellant would make a left turn until he had complied with the law relative to the

giving of a signal indicating that he was going to turn at the intersection. She had the right to assume that appellant would obey the rules of the road and yield to her the right of way. The evidence discloses that respondent did nothing which confused or deceived appellant. She traveled on her side of the highway at a legal speed which was neither increased nor decreased. Clearly, as a matter of law, respondent was not guilty of any negligence."

The distance traveled by appellant's automobile between the time Banning's automobile entered the highway and automobile of appellant came to rest following collision with respondent's automobile, cannot aid respondent. While traveling at the rate of forty-five miles an hour, appellant's automobile was not more than fifty feet north of Banning's automobile when the latter came out onto Pacific highway from the west. In other words, appellant was traveling sixty feet a second, which gave him less than three-fourths of a second within which to stop his automobile to avoid collision with Banning's automobile. It is common knowledge, as argued by counsel for appellant, that a certain reaction time is necessary before a driver can put into effect any plan of operation. As observed in *Jamieson v. Taylor, supra,* at that speed one would hardly have had time to get his foot on the brake.

*Johnson v. Ohman,* 10 Wn. (2d) 466, 117 P. (2d) 217, upon which respondent relies, is not in point. We stated in the cited case that fifty miles an hour is the maximum lawful speed limit and is permissible only under the most favorable circumstances. We held that the trial court properly found that plaintiff's automobile was driven at a dangerous rate of speed under the circumstances. The conditions there present distinguish that case from the case at bar. In the case cited, the collision took place on a pronounced curve on a winding and rather narrow road. The curve could not be

negotiated safely at a speed greater than thirty miles an hour. In the case at bar no such conditions obtained. In *Jamieson v. Taylor, supra,* we reiterate, we took notice of the fact, which is known of all men, that in fifty feet an operator has insufficient time in which to place his foot in a position to apply the brakes while traveling at a legal speed in the rain.

*Rogers v. Strauss & Son,* 194 So. (La. App.) 136, *Johnson v. Omaha,* 108 Neb. 481, 188 N. W. 122, and *Blinder v. Monaghan,* 171 Md. 77, 188 Atl. 31, on facts very similar to the facts in the case at bar, sustain the position for which appellant contends.

There is no evidence that appellant was not proceeding with reasonable care when confronted with an emergency. There is no showing that any act of appellant was a proximate cause of the collision. An emergency existed at the time of the accident, which emergency was created by Banning. There is no rule of the road which required appellant to drive as if he anticipated cars to dispute his right of way at each country crossroad intersecting the highway. He had a right to assume that Banning would stop at a position where the latter could see vehicles traveling on Pacific highway approaching the intersection. *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d) 583.

The evidence adduced by respondent establishes the fact that an emergency was created by wrongful act of Banning, as a result of which, without fault on his part, appellant lost control of his car which skidded over and on to the wrong side of the pavement and collided with respondent's automobile, which was not more than three seconds time south of the intersection when respondent observed entrance of Banning's car upon the highway, which created the emergency. There was no question of fact for the jury's determination.

The judgment is reversed, and the cause remanded for dismissal.

SIMPSON, C. J., STEINERT, and BEALS, JJ., concur.

JEFFERS, J., dissents.