[No. 30064.   Department One.   June 26, 1947.]

ALFRED O. ANDERSON, *Respondent,* v. DEWEY H. KURRELL *et al., Appellants.*[1]

*Will M. Derig,* for appellants.

*F. A. Latcham,* for respondent.

[1]Reported in 182 P. (2d) 1.

ABEL, J.—Plaintiff brought suit for damages to his automobile resulting from an accident which, he alleges, happened about 1:30 p. m., on November 26, 1945, at the intersection of Trafton and north Eighth streets in the city of Tacoma. Neither street is an arterial highway. Trafton street runs north and south, slightly downhill going south, is paved, and is twenty-nine feet nine inches in width from curb to curb. North Eighth street runs east and west, slightly uphill going east, is paved, and is twenty-four feet five inches between the curbs. Shrubbery and holly trees growing at the northwest corner of the intersection obstruct the view considerably around that corner. It was a rainy day, and the pavement was wet. Plaintiff was the favored driver, going east on north Eighth street, while defendant was the disfavored driver, going south on Trafton street. Dewey H. Kurrell will hereafter be referred to as though he were the sole defendant.

Plaintiff testified that, when he was about twenty feet from the intersection, he saw defendant's automobile between one hundred and one hundred fifty feet back from the intersection. He further testified:

"I was over—when I seen that car coming, I figured there was plenty of time to cross the street. There was no cars from the right. He was back a long ways, and after I was way over the center of the intersection, he struck me a terrific blow over the left rear wheel and crushed my fender and spun me around and threw me up on the curb, over on the southeast corner."

On the other hand, defendant testified that, as he came to the intersection, he glanced to the right and "There was no car." When testifying, he stated:

"I could see down past the alley and there was no car on the right-hand side of that—coming up the right-hand side of that street. I then glanced to the left and was going very slowly, and then when I glanced—I got about the middle of the street and I glanced back, looked out of my door, and then I noticed a car coming up the street. THE COURT: Pardon me, you say you noticed this car? You could not see anything at the alley when you were where? THE WITNESS: When I was here (indicating), right here.

MR. LATCHAM: Where is that? MR. DERIG: About where? THE WITNESS: About even with the sidewalk. There is a shrub right along here. You could not see the left-hand side of 8th Street on account of holly trees and some on along here (indicating), but you can see down past the alley. So, I was just rolling out, and as I came to that 'S' turn there, I glanced to the left. There was no car to the left and I came across. About that time I was about half way through the intersection and I glanced back to the right and there was a car coming up very fast. It was straddle of the street, right straddle of the street, so I applied my brakes and this car came right through, striking the front end of my car. I believe I would say my car was where the black line here is, the first, the blue."

The case was tried to the court, without a jury, and the trial judge found that the defendant was negligent in not complying with Rem. Rev. Stat., Vol. 7A, § 6360-88 [P.P.C. § 295-27], which provides as follows:

"It shall be the duty of every operator of any vehicle on approaching public highway intersections to look out for and give right of way to vehicles on their right, simultaneously approaching a given point within the intersection, and whether such vehicle first enter and reach the intersection or not: *Provided,* This section shall not apply to operators on arterial public highways."

The trial court further found that defendant's negligence was the proximate cause of the accident, that plaintiff was not guilty of contributory negligence, and entered judgment in favor of plaintiff. Defendant has appealed.

■ Appellant's first assignment of error is predicated upon his claim that the trial court made a personal examination of the scene of the accident and based his judgment upon his personal observations. We have examined the trial court's oral decision, as it appears in the statement of facts, and, although the trial judge makes reference to his personal examination of the scene of the accident, he makes an analysis of the evidence and his opinion is founded upon the evidence.

Appellant's remaining assignments of error are upon his claim that the evidence preponderates against the finding of the trial judge that the respondent was not negligent,

and upon his finding that appellant was negligent, and that his negligence was the proximate cause of the accident.

Appellant makes the assertion that the trial court was necessarily wrong in finding that appellant's car ran into respondent's car and refers, in particular, to photographs of appellant's automobile. We have examined these photographs, which plainly show that some object came squarely in contact with the front of appellant's automobile. Appellant claims that his car was sideswiped. However, it appears to us, as it did to the trial judge, that appellant's automobile hit respondent's automobile. The evidence shows that respondent's automobile was damaged on its left side, near the rear, and appellant claims that this plainly indicates that respondent's car sideswiped the front of his automobile. Our examination of the evidence and photographs brings us to the same conclusion as that of the trial court, that appellant's automobile hit respondent's automobile.

Appellant makes a further claim that, since he looked and did not see respondent's automobile, respondent must have been driving his automobile on the left side of north Eighth street and in a position where it was hidden by the shrubbery and holly trees along the north side of north Eighth street. There were only two witnesses to this accident, appellant and respondent, and, while appellant says that he could not see respondent's car, we find that respondent says that he saw appellant's car when it was one hundred to one hundred fifty feet from the intersection, and that he thought he had plenty of time to get across the intersection. He, being the favored driver, had a right to assume that appellant would yield the right of way to him. Appellant had the burden of proof to show that respondent was driving his car on the wrong side or left side of north Eighth street, which was contrary to the city ordinance, and, by reason of that fact, appellant was unable to see respondent's automobile.

There were a number of photographs introduced in evidence, and, from an examination of them, in conjunction

with the testimony of both parties, we are unable to see how respondent's position on the highway, that is, whether his car was on the left side or on the right side of the street, made any difference or affected appellant's ability to see his automobile.

Appellant cites the case of *Purdie v. Brunswick,* 20 Wn. (2d) 292, 146 P. (2d) 809, and quotes the following:

"We have, moreover, explicitly held, as have other courts, that one driving on the wrong side of the road must exercise a greater amount of care than is required of him when driving on the proper side."

The trouble with appellant's argument is, however, that respondent did exercise every degree of care that he should have. He came up to a point approximately twenty feet from the intersection and looked to the left, where he saw appellant's car one hundred to one hundred fifty feet away. He must have been approximately in the center of a narrow street because the collision occurred near the center of the intersection. Even if we assume that respondent had been on the left-hand side of the street, we fail to see how that had anything to do with bringing about the accident.

Naturally, if we assume that respondent was on the left-hand side of the street, and, by reason of that fact, his car was hidden by some trees, that appellant could look down the right-hand side of the street but could not see down the left-hand side, and that this was the cause of appellant's failure to see respondent's car, then there would be some merit in appellant's argument. The trial court found against appellant on this question, and we believe that this finding is substantially supported by the evidence. In *Brown v. Mead,* 22 Wn. (2d) 60, 154 P. (2d) 283, we stated:

"It was entirely within the province of the trial court to pass upon the credibility of the witnesses and the weight to be given to their testimony."

It is the duty of the disfavored driver to look out for and give the right of way to vehicles on his right, simultaneously approaching a given point within the in-

tersection. In the case of *Delsman v. Bertotti*, 200 Wash. 380, 93 P. (2d) 371, we stated the rule as follows:

"The observation which a driver in appellant's position is required to make is observation from a point at which he can see, and decide when he can proceed within a reasonable margin of safety, not from a point back from the intersecting street, from which his view is seriously obstructed."

Appellant made a motion for a new trial and assigns as error the failure of the court to grant this motion upon the affidavit filed. The motion and affidavit are not a part of the statement of facts, and this court has consistently held, as stated in *Welch v. Great Lakes Cas. Co.*, 27 Wn. (2d) 117, 176 P. (2d) 436:

" 'This court has held in a long and unvarying line of decisions, from early days to the present time, that affidavits used in the trial court are not a part of the record and will not be considered on appeal unless brought into the record by bill of exceptions or statement of facts.' " *Whittaker v. Weller*, 21 Wn. (2d) 716, 721, 152 P. (2d) 957.

The judgment is affirmed.

MALLERY, C. J., MILLARD, SIMPSON, and ROBINSON, JJ., concur.