[No. 32040. Department One. February 26, 1953.]

H. M. SEBASTIAN, *Respondent and Cross-appellant,* v. ROBERT JACK RAYMENT, *Appellant.*

HARRY AYERS, *Respondent,* v. H. M. SEBASTIAN *et al.,* *Respondents and Cross-appellants,* JACK RAYMENT, *Appellant.*[1]

[1]Reported in 254 P. (2d) 456.

*O'Leary, Meyer & O'Leary*, for appellant.

*Foster & Foster*, for respondent and cross-appellant.

WEAVER, J.—Two automobiles collided in the middle of an uncontrolled intersection in Olympia. The favored driver, Mr. Rayment, approaching the intersection from the east, was charged with excessive speed and with a failure to maintain a proper lookout. The disfavored driver, Geraldine Sebastian, approaching the intersection from the south, was charged with failure to keep a proper lookout and with failure to yield the right of way.

As a result of the collision, the car of Mr. Rayment caromed into the automobile of Harry Ayers, which was legally parked. He entered suit against the owners of both cars. The actions were consolidated for trial. By stipulation, it was agreed that Mr. Ayers would have judgment for damages suffered by his car against either or both car owners involved in the accident, dependent upon the determination of liability.

The trial court entered judgment in favor of H. M. Sebastian (father of Geraldine Sebastian) without damages because of failure of proof, dismissed Mr. Rayment's cross-complaint, and, in accordance with the stipulation, entered judgment in favor of Mr. Ayers against Mr. Rayment. From this judgment, Mr. Rayment appeals; Mr. Sebastian cross-appeals.

By appropriate assignment of error, appellant Rayment has challenged the trial court's finding that Miss Sebastian was driving between fifteen and twenty miles an hour and that the speed of Mr. Rayment's car was between thirty-five and forty miles an hour, as they entered the intersection. The evidence does not preponderate against this finding. We will not disturb it.

Appellant Rayment's second and third assignments of error are directed against paragraph V of the trial court's findings of fact, which reads:

"When the front wheels of plaintiff's [Sebastian] car had reached the south sidewalk of Union Avenue, the driver looked first to the right, then to the left, and then to the

right again at which time she first saw the car of defendant approaching in the center of Union Avenue. The impact followed ·almost immediately. Robert Jack Rayment, defendant, failed to keep a proper lookout ahead." ·

and against the trial court's conclusion that Miss Sebastian was free of contributory negligence.

 It is unnecessary for us to discuss the question of whether Mr. Rayment failed to keep a proper lookout ahead. He was exceeding the speed limit, which was twenty-five miles per hour. RCW 46.48.020. The record supports the trial court's conclusion that this was negligence which proximately caused the accident and precluded his recovery.

Miss Sebastian, in response to a question as to what she did upon approaching the intersection, testified:

"I looked to the right and then to the left and to the right again as I entered."

Her testimony continued:

"Q. What did you see when you looked to the right? A. I saw nothing. Q. How far could you see down toward Franklin Street? A. Approximately a half a block."

One witness, a passenger in Miss Sebastian's car, testified that, as they entered the intersection, she looked to the right and *saw* Mr. Rayment's car a half a block away. The block was one hundred and sixty feet long.

Traveling at forty miles an hour, Mr. Rayment could not have traveled more than sixty feet from the time Miss Sebastian first looked to her right until the collision occurred. By her own testimony, it appears that Miss Sebastian did not see what was there to be seen.

 It is the duty of a driver approaching an uncontrolled intersection to "give right of way to vehicles on his right, simultaneously approaching a given point within the intersection." RCW 46.60.150. She does not claim she was "deceived" nor could she have been, for she failed to see the automobile approaching from her right. *Hauswirth v. Pom-Arleau,* 11 Wn. (2d) 354, 119 P. (2d) 674.

In *Hoenig v. Kohl,* 182 Wash. 245, 248, 46 P. (2d) 728, wherein the facts are almost identical with the facts of this case, we said:

"There is here no room for reasonable minds to differ. If the appellant looked, as it is said he did, then he saw, or was charged with the duty of seeing, the approaching car, and was bound in law to know that its rights in the intersection were superior to his own. Being the disfavored driver, it was incumbent upon him to yield the right of way unless the situation was such as to clearly indicate that he could cross with a fair margin of safety. In the light of the quoted testimony, no reasonable mind can believe that the appellant exercised that care which the law required of him . . . Upon the uncontradicted testimony, reasonable minds must agree that the appellant was guilty of contributory negligence in driving into the intersection under the conditions shown."

The fact that a passenger in Miss Sebastian's car saw Mr. Rayment's car approaching the intersection from the right "going around forty" miles per hour, negatives any inference that Miss Sebastian could have crossed the intersection with a fair margin of safety. That the collision occurred, proves that she could not have done so.

 Negligence of the favored driver which proximately contributes to the accident may prevent his recovery from the disfavored driver. But such negligence will not in itself bring recovery to the disfavored driver; he too must be free from fault amounting to a proximate cause. The doctrine of contributory negligence is founded on the principle that no one is ever absolved from exercising reasonable and ordinary care for his own safety in the light of existing circumstances. *Hauswirth v. Pom-Arleau, supra.*

██ The evidence does not support the conclusion of the trial court that Geraldine Sebastian "was not guilty of contributory negligence."

Our disposition of the case makes it unnecessary to discuss the assignments of error directed to the questions of damage.

The judgment dismissing the cross-complaint of Robert Jack Rayment is affirmed. The judgment in favor of H. M.

Sebastian against Robert Jack Rayment is reversed and remanded with direction to dismiss the action. In accordance with the stipulation of the parties, judgment shall be "entered against plaintiff Sebastian and defendant Rayment jointly" in favor of Harry Ayers in the sum of $304.97 together with costs.

Mr. Rayment, having succeeded in a modification of the judgment against him, will recover costs on this appeal.

GRADY, C. J., MALLERY, and SCHWELLENBACH, JJ., concur.

DONWORTH, J. (dissenting in part)—I concur in the reversal of the judgment rendered against appellant in favor of H. M. Sebastian for the reasons stated in the majority opinion. However, I dissent from the affirmance of the judgment dismissing appellant's cross-complaint against Mr. Sebastian because I cannot agree that appellant's unlawful speed at the time of the collision (thirty-five to forty miles per hour where the limit was twenty-five) was a proximate cause of the accident.

RCW 46.60.150, which prescribes the rule of the road at uncontrolled intersections, reads as follows:

"Every operator of a vehicle on approaching public highway intersections *shall look out for and give right of way to* vehicles on his right, simultaneously approaching a given point within the intersection, and whether his vehicle first reaches and enters the intersection or not: *Provided,* That this section shall not apply to operators on arterial highways." (Italics mine.)

As pointed out in the majority opinion, it was the duty of the driver of the Sebastian car to yield the right of way to appellant, and further, she was not deceived by his actions in any way.

Since I find nothing in the record to indicate that appellant's speed proximately contributed to the cause of the accident, I think that the statute above quoted should be applied to the facts as found by the trial court.

If Miss Sebastian had obeyed the rules of the road as prescribed by the legislature and had yielded the right of way to appellant, the accident would not have occurred.

The fact that appellant was exceeding the speed limit by ten or fifteen miles per hour does not automatically compel the conclusion that he was contributorily negligent so as to bar his recovery of damages. If the evidence had shown that his car was out of control due to unlawful speed or that such speed had a causal connection with the accident in some other respect, a very different situation might be presented. Mere speed in excess of the legal limit has been held to constitute negligence, but, in order to create a legal liability, such negligence must also be shown to have been a proximate cause of the accident.

I recognize that a statute almost identical in language was considered in *Martin v. Hadenfeldt,* 157 Wash. 563, 289 Pac. 533, where this court laid down four rules as to the duties of drivers at intersections, the first one being to the effect that all rights of way are relative and that the duty of avoiding collisions rests upon both drivers. However, I think that this statement of the rule is too broad compared with language of the statute italicized in the above quotation and that it tends to make uncertain that which the statute makes certain. It clearly cannot be held to apply to the facts of this case.

Since Mr. Sebastian produced no evidence that his daughter was deceived by appellant or that appellant had a last clear chance to avoid the accident or that appellant did anything which was a proximate cause of the collision, he has not sustained the burden of proving the allegations of his affirmative defense to appellant's cross-complaint. It was, therefore, error for the trial court to dismiss it.

The collision was proximately and solely caused by Miss Sebastian's failure to "look out for and give right of way to" appellant's vehicle. She looked but failed to see what was plainly in sight. One of her passengers saw appellant's car when it was about half a block away from the intersection. The statute required Miss Sebastian to keep out of appellant's way as she approached the intersection, and nothing in the record justifies transferring this duty to him. *Shultes v. Halpin,* 33 Wn. (2d) 294, 205 P. (2d) 1201; *Roberts v. Leahy,* 35 Wn. (2d) 648, 214 P. (2d) 673.

I have not overlooked the trial court's finding that appellant failed to keep a proper lookout ahead. This finding is rather in the nature of a conclusion that appellant was negligent in this respect. In the very recent case of *Massengale v. Svangren,* 41 Wn. (2d) 758, 252 P. (2d) 317, involving an intersection collision, we held that the favored driver's failure to see the disfavored driver's car prior to the time he actually did see it was not a proximate cause of the accident. On this point, we said:

"As indicated by the italics, the trial court found that appellant was negligent in failing to look or by looking and failing to see respondents' car, which was then in sight, and that such negligence was a proximate cause of the accident.

"Assuming that appellant had seen respondents' vehicle at any time prior to the time that he actually did see it, was it his duty, as a reasonably prudent driver, to apply his brakes, swerve, blow his horn, or in some other way attempt to avoid a collision? If not, then, whether or not appellant had a duty to look to his left and see respondents' car, his failure so to do was not a proximate cause of the accident.

"Every driver has the right to assume that other users of the highway will obey the traffic laws and rules of the road. Accordingly, we have frequently held that a favored driver who has done nothing to confuse or deceive a disfavored driver is entitled to assume that the latter will yield the right of way. *Breithaupt v. Martin,* 153 Wash. 192, 279 Pac. 568; *Jamieson v. Taylor,* 1 Wn. (2d) 217, 95 P. (2d) 791; *Murray v. Banning,* 17 Wn. (2d) 1, 134 P. (2d) 715; *Bleiler v. Wolff,* 23 Wn. (2d) 368, 161 P. (2d) 145; *Anderson v. Kurrell,* 28 Wn. (2d) 227, 182 P. (2d) 1. The favored driver may rely upon this assumption until he becomes aware, or in the exercise of reasonable care should have become aware, that the right of way will not be yielded. *Stokoe v. Paulson,* 168 Wash. 1, 10 P. (2d) 247; *Ellestad v. Leonard,* 18 Wn. (2d) 118, 138 P. (2d) 200.

"Under the established facts of this case, the two vehicles were about equidistant from the intersection as they approached at a speed of approximately thirty miles an hour. Had appellant looked to his left when he was one hundred feet from the intersection, he could have seen respondents approaching from the left a similar distance from the intersection and traveling at a similar speed. It was broad daylight, the intersection was unobstructed, and both vehicles were in plain view of the respective drivers.

"There is no finding that, had appellant looked, he would have observed that the disfavored driver was inattentive to her driving, or that any other circumstance would have been observed which would have given notice that the disfavored driver did not intend to yield the right of way. There is no finding that appellant was driving in a manner which would tend to confuse or deceive the disfavored driver.

"The conclusion is inescapable, on these facts, that had appellant looked and seen respondents' car when both were one hundred feet from the intersection, appellant would have been entirely warranted in proceeding on the assumption that he would be accorded the right of way. Nor did the situation change as the two vehicles approached the intersection. Appellant at all times had the right to assume that the disfavored driver, observing appellant's steady progress towards and into the intersection, would slow down or change his course so as to grant the right of way. There came a time, of course, when appellant could and did see that the right of way was not being yielded. By then, however, it was too late to avoid the collision."

The foregoing quotation states the law applicable to the case at bar.

Clearly, the finding that appellant failed to keep a proper lookout ahead is not specific enough to justify a holding that appellant had a last clear chance of avoiding the collision. In any event, there was no such issue presented by the pleadings in this case.

It follows that the trial court's finding that appellant did not keep a proper lookout ahead cannot be held to have relieved Miss Sebastian of her statutory duty to look out for appellant. He had a right to assume that he would be accorded the right of way until he knew, or in the exercise of reasonable care should have known, that Miss Sebastian was going to violate her statutory duty. There is no evidence here that such was the situation. *Massengale v. Svangren, supra.* On the contrary, the court found that the impact followed almost immediately after Miss Sebastian finally saw appellant's car approaching.

I think that, under the facts of this case, the statute should be applied as written by the legislature without any embellishment such as was suggested in the first rule stated

in *Martin v. Hadenfeldt, supra*. According to its plain meaning, the disfavored driver owes a duty to the favored driver to give him the right of way. This Miss Sebastian failed to do, and no excuse is even suggested for her failure. Her negligence having thus proximately caused the collision, and there being no evidence that appellant's speed or other conduct was a proximate cause of it, the court erred in dismissing his cross-complaint on the ground that he was contributorily negligent.

I would reverse this judgment of dismissal and grant appellant a new trial in addition to reversing (as the majority does) the judgment in favor of H. M. Sebastian against appellant. It follows that the judgment rendered in favor of Harry Ayers should be modified so as to designate H. M. Sebastian as the sole judgment debtor.

